DAVID CHRISTIE, Appellant, *v.* MARY HAWLEY, Respondent.

The will of C., after various specific devises in fee of portions of a farm conveyed to him by G., contained a devise of 100 acres of land to his grandson, A., and "the remainder of land" belonging to him, of the farm conveyed by G., he devised to the plaintiff. There remained of said farm, over and above the specific devises, about sixteen acres. By a codicil made a few days subsequent to the will, a life estate in said 100 acres was devised to the testator's wife. After the death of A. and the testator's widow, plaintiff brought ejectment for the 100 acres. *Held*, that, assuming the devise to A. was only of a life estate, the clause devising the "remainder of land" referred only to the residue of the farm not before devised or specified, and did not convey the remainder of estate in said 100 acres after the two successive life estates; and that, therefore, plaintiff had no title to the land in question.

(Argued September 27, 1876; decided October 6, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of defendant, entered upon an order denying a motion for a new trial, and directing judgment upon an order nonsuiting plaintiff on trial.

This was an action of ejectment. Both parties claimed under the will of Andrew Christie, executed February 19, 1824; the material clause of which is as follows:

"First. I give and devise to my son James Christie, his heirs and assigns, all the remaining part of the south half of west lot number ten in the seventh range, and the south half of the east lot of farm number ten in the eighth range of farms in the town of Middlesex, aforesaid, which I have not heretofore conveyed to him by deed to him, the said James Christie. I also give and devise to my son Gilbert Christie, his heirs and assigns, so much land, to be taken from that now owned by me, adjoining that which I have heretofore conveyed by deed to him, as will be sufficient to make the same quantity, if added to that heretofore deeded to him by me, as that shall be which I have heretofore deeded to my son James Christie, added to that herein above given and devised to him, the said James Christie. I also give and devise to my daughter, Abigail Cook, wife of Burnet Cook, and her heirs and assigns, the south half of the east lot of farm number nine in the eighth range of farms in the town of Middlesex, aforesaid, containing ninety acres, one rood and four perches of land. I also give and devise to my two sons David Christie and William Christie, their heirs and assigns, one hundred acres of land, to be taken off the south side of that piece or parcel of land conveyed to me by deed executed by Rufus Gale and Ruth, his wife, bearing date the twenty-second day of February, in the year of our Lord one thousand eight hundred and thirteen. I also give and devise to my grandson, Andrew Christie, the son of Gilbert Christie, one hundred acres of land, to be taken adjoining land above given and devised herein to Gilbert Christie, and the remainder of land belonging to me of the farm conveyed by Rufus Gale and

Ruth, his wife, as above stated, I hereby give and devise to my grandson, David Christie, the son of James Christie, and his heirs and assigns."

Plaintiff is the grandson of David Christie referred to in said clause.

Testator executed a codicil February 23, 1824, by which he gave to his wife, in lieu of the provisions in the will, among other things, a life estate in the 100 acres devised to Andrew Christie. This was the land in question. The testator died and the will was admitted to probate in 1824. Andrew Christie and the widow of the testator died before the commencement of the action. It was admitted "that there was a residue of about sixteen acres of the Gale farm over and above the quantity specifically devised and which the plaintiff took under said will." At the close of plaintiff's evidence, on motion of defendant's attorney, the court granted a nonsuit. Exceptions were ordered to be heard at first instance at General Term.

*H. L. Comstock* for the appellant. At common law under a devise generally, without words of inheritance, limitation or perpetuity, the devisee took only a life estate. (*Wells* v. *Wells*, 9 J. R., 222 ; *Newkirk* v. *Embler*, 14 id., 198 ; *Ferris* v. *Smith*, 17 id., 221 ; *Wheaton* v. *Andress*, 23 Wend., 452 ; *Burlington* v. *Belding*, 21 id., 463 ; *Harvey* v. *Olmstead*, 1 N. Y., 483 ; *Mesick* v. *New*, 7 id., 163 ; *Edwards* v. *Bishop*, 4 id., 61 ; *Olmstead* v. *Olmstead*, id., 56 ; *Wright* v. *Dean*, 10 Wheat., 204 ; *Child* v. *Wright*, 8 D. & E., 64 ; *Denn* v. *Gaskin*, Cowp., 657 ; *Goodwright* v. *Barron*, 11 East, 220.) Prior to the time the Revised Statutes took effect the common-law rule prevailed. (*Harvey* v. *Olmstead*, 1 N. Y., 483 ; *Mesick* v. *New*, 7 id., 163 ; *Wheaton* v. *Andress*, 23 Wend., 452.) The Revised Statutes changed this rule but provided that its provisions should not be construed so as to affect the construction of, or impair the validity of the execution of, any will made before they took effect. (2 R. S., 68, § 70.) The estate of Andrew Christie was not enlarged into a fee by being a remainder limited upon a previous life estate. (*Van Derzee*

v. *Van Derzee*, 30 Barb., 331; *Edwards* v. *Bishop*, 4 N. Y., 61; *Hay* v. *Earl of Coventry*, 2 D. & E., 83; *Doe* v. *Clark*, 5 B. & P., 343; *Comptor* v. *Comptor*, 9 East, 367; *Doe* v. *Wright*, 8 D. & E., 64; *Ferris* v. *Smith*, 17 J. R., 221; *Harding* v. *Roberts*, 29 Eng. L. and Eq., 451.)

*David B. Prosser* for the respondent. Andrew, the grandson, took the fee of the 100 acres, and there was no remainder as to that. (*Westcott* v. *Cady*, 5 J. Ch., 343; *Hone* v. *Van Schaick*, 3 Barb. Ch., 488; 4 Kent's Com., 537, 541; *Wright* v. *Crandall*, 9 East, 400; *Charter* v. *Otis*, 41 Barb., 525.)

CHURCH, Ch. J. The title of the plaintiff to the land in controversy depends upon the construction to be given to the will of Andrew Christie, executed and admitted to probate in 1824. The will, after making four devises of parcels of real estate to his children, respectively, with proper words of inheritance to convey the fee, contains the following clauses: " I also give and devise to my grandson Andrew Christie, the son of Gilbert Christie, one hundred acres of land to be taken adjoining land above given and devised herein to Gilbert Christie. And the *remainder of land* belonging to me of the farm conveyed by Rufus Gale and Ruth, his wife, as above stated. I hereby devise to my grandson David Christie, the son of James Christie, and his heirs and assigns." By a codicil made a few days subsequent to the will, a life estate in the said 100 acres, which is the land in dispute, was devised to the wife. It was admitted on the trial, " that there was a residue of about sixteen acres of the Gale farm, over and above the quantity specifically devised and which the plaintiff took under the will," etc. The widow and Andrew Christie, the grandson, died before the commencement of the action. Assuming, that the 100 acres devised to the grandson Andrew Christie, was a part of the Gale farm, as it probably was, and assuming also that the devise to him conveyed only a life estate and not a fee, the question is, whether the clause devising " the remainder of land," belonging to the testator of the Gale farm to the plaintiff, carried the remain-

der of the estate, after the two successive life estates in the said 100 acres. It seems to me quite clear that it did not.

The general rule is, that the language in a will is to be construed in the ordinary and popular sense. The testator had devised several parcels of the Gale farm, and owned sixteen acres not devised, which it is presumed he knew, and when he devised " the remainder of land " in that farm, the obvious meaning is, that he intended by that clause to devise such residue. The general signification of the word remainder is what is left after separating a part, and it was evidently used by the testator in this sense in respect to a remaining parcel of land. The word has a fixed legal meaning when applied to a remaining interest in an estate, after other interests have been carved out or separated, but in this clause it was not intended to thus apply. The remainder of land refers to property not before devised or specified and not to a remainder of estate in that which had been devised. The clause did operate to convey a fee to sixteen acres of land which was left of the Gale farm, and it cannot be supposed that the testator intended by the use of this phrase " remainder of land " to convey a fee in sixteen acres and also a remainder of estate in other land after successive life estates. We must presume that other language would have been employed. If the " rest and residue of the estate " or the " remainder of the estate " had been devised to the plaintiff, the question would be quite different, but it is the remainder of land in the Gale farm not before mentioned, which was evidently intended. The words are descriptive of property devised and not of the quantity of interest. The plaintiff, therefore, has no title by the will to the land in question and his action must fail.

It is unnecessary in this case to consider the question whether the grandson, Andrew Christie, took a fee or a life estate. If the latter, the will did not give the plaintiff the remainder of the estate.

The judgment must be affirmed.

All concur.

Judgment affirmed.