DEVAUGHN v. GREER, executor.

Where a testator devised a life-estate in a certain tract of land to his wife, and in a succeeding item of his will devised and bequeathed to his wife and his five children, naming them, "all the remainder of my realty and personalty and other property of every kind and description, share and share alike," the wife took, under such a provision, a one-sixth interest in the remainder or residue of the testator's property; and this remainder or residue included the reversionary interest in the tract of land referred to in the first-mentioned item of the will, and after her death her executor could sue and recover this interest.

FEBRUARY 25, 1916.

Complaint. Before Judge Littlejohn. Macon superior court. November 21, 1914.

*Jule Felton,* for plaintiff in error.

*Smith, Hammond & Smith,* contra.

BECK, J. So far as material to a decision of this case, the will of James E. DeVaughn contained the following provisions: "Item 2. I give to my beloved wife, Mary Porter DeVaughn, the house and lot on which I now live, to have and to hold for and during the remainder of her life, and at her death said house and lot to go or revert to my estate; the foregoing provision is intended in lieu of dower." And in the third item of the will the testator bequeathed to his wife, Mary Porter DeVaughn, and to his five children, "all the remainder of my realty and personalty and other property of every kind and description, share and share alike," and provided for certain specific legacies to his wife and one of his children. Under the terms of the will the widow of

James E. DeVaughn took possession, after his death, of the house and lot devised by the second item of the will, and held the same until her death on the 8th day of April, 1913, after which time the said house and lot became subject to distribution as a part of the remainder or residue of the estate of the said James E. DeVaughn, and was taken possession of by Carl L. DeVaughn, executor of the will of James E. DeVaughn, deceased. Subsequently Carl DeVaughn as executor sold the house and lot for the purpose of making distribution among the heirs and legatees of James E. DeVaughn; and afterwards Greer, as executor of the will of Mrs. Mary Porter DeVaughn, demanded of Carl De-Vaughn, executor aforesaid, a one-sixth interest in the proceeds of the sale of the house and lot. The demand was refused, and Greer as executor brought suit to recover the interest demanded. The case was submitted to the court for trial without the intervention of a jury. The facts just stated were admitted by the defendant. The judge found in favor of the plaintiff, and rendered judgment for the sum of $1,166.66, the same being one sixth of the amount for which the house and lot referred to had been sold. To this judgment the defendant excepted.

We are of the opinion that the court properly held that the executor of Mrs. Mary Porter DeVaughn was entitled to recover. The second item of the will clearly devised to her a life-estate in the house and lot therein described. The reversionary interest in said property constituted a part of the remainder or residue of the testator's estate, unless we should hold that as to this reversionary interest James E. DeVaughn died intestate; and there is no reason that we can conceive for so holding. After the expiration of the life-estate which was carved out of the property referred to in the second item of the will, the reversion became a part of the remainder of the property disposed of in the third term of the will. We do not overlook the provision of our law that the intention of the testator controls; but the intention should be sought in the language employed, and the language employed here is neither vague nor ambiguous. In order to reach a different conclusion from that announced above, as we have already said, it would be necessary to hold that, as to the reversionary interest in the property devised in the second item of the will, there was an intestacy; and such a holding would be purely

arbitrary. The language of the entire will ·indicates that the testator intended to dispose of all his property in his last will and testament. A case very similar to this one has been decided by the Supreme Court of Illinois, and what we have said is in accordance with what was therein ruled. Downing *v.* Grigsby, 251 Ill. 568 (96 N. E. 513). That case is criticised in the brief of counsel for the plaintiff in error; but upon the controlling question in this case a ruling similar to that of the Illinois court was made in the case of *Hanvy* v. *Moore,* 140 *Ga.* 691 (79 S. E. 772). *Judgment affirmed. All the Justices concur.*