## SPRIGGS ET AL. *v.* FENNER ET AL.

*Wills — Construction — Residuum devised to wife — Codicil — Life estate in after-acquired property — Undevised remainder passes under residuary clause, when.*

Where a testator, after making specific bequests, devises the residuum of his estate to his wife and by codicil devises to her a life estate in after-acquired property, without disposing of the remainder upon the termination of the life estate, the remainder passes to the wife under the residuary clause of the original will.

(Decided June 28, 1917.)

APPEAL: Court of Appeals for Clinton county.

*Messrs. Smith, Rogers & Smith* and *Mr. G. P. Thorpe,* for plaintiffs.

*Messrs. Hayes & Hayes,* for defendants.

HAMILTON, J.   Plaintiffs seek to partition certain real estate described in the petition, claiming as heirs at law of James H. Fenner, who died testate, leaving as his widow, Sarah Fenner, but no child, or children, or their legal representatives.

The will of James H. Fenner, executed in 1872, after certain money legacies, bequeathed all the remainder of his property to his wife, Sarah Fenner.   In 1895 he added a codicil to his will, which is as follows:

"Whereas I James H. Fenner on the 5th day of March, 1872 made my last will and testament of that day, do hereby declare the following to be a codicil thereto.

"Item 1st.   I do hereby give and bequeath to my wife Sarah Fenner my farm of about 68 acres known as The Lafayette Boring farm as long as she may live.

"Item 2nd.   If there is any money remaining at our death I desire it to be divided equally between my relatives and my wife's relatives."

The widow elected to take under the will and codicil.

The widow, Sarah Fenner, died testate as to all her property, leaving no child or children or their legal representatives, and by her will devised the real estate in question to her relatives, with directions to her executor to sell and convey the same and to distribute the proceeds arising from such sale.

It is urged by appellants that the codicil to the will of James H. Fenner should be construed to the effect that the widow took only a life estate in the

property in question, and that the remainder should go to the heirs at law of said James H. Fenner.

We are of the opinion that the codicil does not justify such construction. Under the terms of the original will of James H. Fenner the widow is made the residuary legatee, which would have carried any after-acquired property, and it is reasonable to presume that the testator was prompted to make the codicil because of after-acquired property, being in doubt as to whether or not the after-acquired property would pass under the original will. Item 1 of the codicil, which is the only item of the codicil that can affect the possession of the estate, in no way limits or restricts the residuary clause of the original will. The residuary clause of the original will would vest the residuum of the estate in the said wife.

However that may be, it must be conceded, that, unless we can read into the codicil a disposition of the remainder, after the termination of the life estate in the real estate therein devised, the remainder would either pass under the residuary clause of the original will, or descend as undevised property, under Section 8574, General Code, to the wife, Sarah Fenner.

The codicil is silent as to any disposition of the remainder after the termination of the life estate, and any construction by the court as to the intention of the testator as to such remainder would be in effect to make his will by supplying not only the devise over to his next of kin but by revoking and changing the residuary clause of the original will. The testator having made no such provision, the court will not supply the words necessary to

make the devise, and it therefore follows that the property passed to the widow as above stated.

The widow, Sarah Fenner, having acquired the full title to the property for which partition is sought, died testate as to all of such property; and her will being in full force and effect passed the title as therein provided.

A decree may be taken finding that the appellants have no interest in the real estate for which partition is sought, and dismissing the appeal.

Further proceedings are fully controlled and directed by the will of said Sarah Fenner.

*Petition dismissed.*

JONES, P. J., and GORMAN, J., concur.