RUTH JOHNSON,

*vs.*

THOMAS EDWARD JOHNSON, EDITH V. EGGLESTON, ANNA F. EGGLESTON, RUTH V. EGGLESTON and CLARK L. JOHNSON.

*New Castle, Feb. 19, 1930.*

WOLCOTT, Chancellor, and RICE, J., sitting.

426

*John Pearce Cann*, for petitioner.

*William S. Potter*, for Clark L. Johnson.

THE CHANCELLOR. The will of Mrs. Johnson carved a life estate out of the real estate in question and made no further provision with respect to it after the termination of the life interest, unless the general residuary clause is to be taken as embracing in its disposition the remainder after the life estate. If the general residuary clause includes the remainder after the life estate, there was no intestacy; if it does not include the remainder after the life estate, there was an intestacy and, the life tenant now being dead, the petitioner as a grandchild has a clear interest which entitles her to maintain her petition for partition.

We find the law to be that where the language of a residuary clause disposes of "all the rest, residue and remainder of my estate," as here, such language will be taken to embrace all the reversionary interest which the testator had, after a life estate created by the will, unless it is otherwise disposed of or the will in its entire context shows the intent to have been otherwise. *Yeomans, et al., v. Stevens*, 2 *Allen* (*Mass.*) 349; *Hooper, Ex'r., v. Hooper*, 9 *Cush.* (*Mass.*) 122. Many other cases may be found to the same effect. The rule is a derivative from the general

principle of law which favors a construction that avoids intestacy. So firmly fixed is this rule of construction that it has been adhered to even when the devisee for life and the residuary devisee are one and the same persons, *Davis v. Callahan*, 78 *Me*. 313, 5 *A*. 73; *Manning v. Lindsley*, 65 *N. J. Eq*. 106, 55 *A*. 1043; though some authority may be found in dissent from the rule's application in cases of that type. There is, however, no conflict in the authorities, so far as our examination discloses, concerning the operation of the rule in those cases where the devisee for life and the general residuary devisee are different persons. Of course where from the context it is apparent that the word "residue" is meant by the testator to identify property remaining out of a tract after a life estate in a portion of it had been given, a different construction would prevail, for in that case the so-called residuary clause would be entirely different in its nature. Cases of that sort are exemplified by *Young v. Quimby*, 98 *Me*. 167, 56 *A*. 656, and *Christie v. Hawley*, 67 *N. Y*. 133. It would not be a clause which pretended to dispose of all the estate in the testator's property not otherwise disposed of.

We conclude then that there was no intestacy as to the property which is sought to be partitioned.

The next question we have to consider is whether or not, under the will of Mrs. Johnson, the petitioner has any share or interest in the property which entitles her to a partition thereof. The petitioner is a granddaughter of the testatrix. She is the daughter of a son of the testatrix who predeceased his mother.

In our opinion the petitioner has no interest whatever in the property which per petition seeks to divide. This is for the reason that the residuary clause gives "the same to my children then living or the survivors of them in equal shares," and the petitioner is not a child, nor was her father a child "*then* living." Whether the word "then" be taken to refer to the time of the life tenant's death or to the time of the death of the testatrix is immaterial, for in neither case could the petitioner qualify either in her own right as a residuary devisee or in her right as heir to her father. The word "children" will not in the absence of a context indicating an interest to the contrary, embrace a grandchild. 40 *Cyc. p.* 1448. Not only does the context fail to indicate such intent to

the contrary, but it seems to us on the other hand to point positively in the opposite direction. The testatrix evidently desired that those only of her children who were living at a particular time should share in the residue. This desire is consistent only with a regard for her immediate offspring and shows an exclusion from her thoughts of her more remote issue.

Our opinion is that in no view of the case can the petitioner be said to possess any interest in the property she seeks to have partitioned. Having reached this conclusion it is unnecessary for us to proceed further to determine who are the owners of it and in what shares.

The petition will be dismissed with costs on the petitioner.