Benson, Appellee, *v.* Farnsworth et al., Appellants.

(Decided October 9, 1937.)

*Mr. G. W. Martin,* for appellee.
*Messrs. Carpenter & Freeman* and *Messrs. Bracy & Bracy,* for appellants.

Overmyer, J.   In the Common Pleas Court the appellee, as plaintiff, filed a petition seeking the quieting of title to, and partition of, certain premises, consisting of about two acres of land and a home in the city of Norwalk, Ohio, located at No. 284 East Main street. He claimed a legal estate in fee in and to an undivided one-sixth interest as tenant in common with Eva Benson Farnsworth, Leona Benson Mills and Ed Benson, who were made defendants together with Earl Chase and Eunice Chase who, it was alleged, claimed some interest in the premises.

The three defendants first named entered their ap-

pearance in the case, and consented to the sale of the premises. Their interests being common with the plaintiff, they filed no answers. The defendants Earl Chase and Eunice Chase answered, denying the title of plaintiff and their co-defendants and asserting their own title to the premises involved by virtue of the will of Ernest B. Benson, a copy of which was attached to the answer. They alleged that the title by that will passed to Nellie Benson, widow of the testator, and through Nellie Benson to the Chases. The plaintiff and the first three defendants are the surviving next of kin of the decedent testator. The defendants Earl Chase and Eunice Chase are devisees of the widow, Nellie A. Benson, deceased. Ernest Benson, the testator, and Nellie A. Benson, his widow, left no issue surviving them. It is conceded that the property here involved came to the testator by purchase and not as ancestral property.

The rights of the parties to this controversy are to be determined by a proper construction of the will referred to, the disposing items of which are as follows:

"Second. It is my will that my beloved wife, Nellie A. Benson, shall have the use during her natural lifetime of the premises known as house number two hundred and eighty-four (284) East Main street in said city of Norwalk, said premises consisting of two (2) acres of land, more or less, being parts of sub-divisions 4 and 5.

"Third. I give, devise and bequeath all the residue of my estate, both real and personal, to my beloved wife, the said Nellie A. Benson, in fee simple of possession, and to her heirs and assigns forever."

The wife was then named executrix.

It will be noted that in Item 2 of the will, no disposition was made of the remainder after the termina-

tion of the life estate granted to the widow. The appellee, Wm. Benson, contends that "the word 'residue' as used in Item 3 refers only to the balance after the house and lot had been disposed of as in Item 2. In other words, the house and lot had been disposed of entirely by Item 2 of the will, and Item 3 of the will would operate only on the property that was left after the house and lot had been entirely disposed of."

We are unable to follow this line of reasoning. Granting that Item 2 created a life estate in the widow, there is no disposition of the remainder. The title to the premises was not left in the air; it was and is at all times lodged in someone. If the "remainder" was included and disposed of by Item 3, it passed to the widow who is the sole beneficiary in Item 3. If the "remainder" was not disposed of by either Item 2 or Item 3, then, as to the "remainder," Ernest R. Benson died intestate, and under Section 8574, General Code, the statute of descent and distribution of intestate real property then in force, the title passed to the widow, there being no children. The result, in either case, is the same.

The only name of any beneficiary appearing anywhere in the will is "my beloved wife, Nellie A. Benson." To give her a life estate in an earlier clause of the will and the residue of all property in a later clause, is not inconsistent and does not make either clause inoperative, according to recognized authority. *Manning* v. *Lindsley*, 65 N. J. Eq., 106, 55 A., 1043; *Davis* v. *Callahan*, 78 Me., 313, 5 A., 73; *Johnson* v. *Johnson*, 17 Del. Ch. Rep., 425, 149 A., 306.

In *DeVaughn* v. *Greer*, 144 Ga., 743, 87 S. E., 1022, it was held that in a situation such as here presented the reversionary interest in the property constituted a part of the remainder of residue of the testator's estate. Under that holding the reversion undisposed

of in Item 2 would become a part of the residue of the estate disposed of by Item 3. The same holding and the reasons therefor are found in *Davis* v. *Callahan, supra,* and other cases. See also *Spriggs* v. *Fenner,* 10 Ohio App., 89.

The only beneficiary named in Items 2 and 3 of the will before us being the widow, Nellie A. Benson, in view of the statute then in force, it makes no difference in the result whether it is held that the testator died intestate as to the remainder or that the remainder passed with the residue of the estate in Item 3. One or the other must be true.

Decree for the appellants, Earl Chase and Eunice Chase, devisees of the widow of testator, Nellie A. Benson.

*Decree accordingly.*

LLOYD and CARPENTER, JJ., concur.