24 N.J. Super. 541 (1953)
95 A.2d 26
FRANK FITZGERALD, ET ALS., PLAINTIFFS,
v.
AGNES FITZGERALD BARNHILL, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 16, 1953.
*542 Messrs. Heller & Laiks, attorneys for plaintiffs.
Mr. David S. Bingham, attorney for defendant Agnes Fitzgerald Barnhill (Mr. William M. McConnell, of counsel).
STEIN, J.S.C.
Plaintiffs bring this suit for partition in which they allege themselves to be the heirs and next of kin of Agnes Fitzgerald who died in June 1943 leaving a last will and testament. In the second paragraph of her will she gave to her husband, William Fitzgerald, the premises number 27 Newark Avenue, Bloomfield, New Jersey, "for his use and occupation during the term of his natural life." In the third paragraph testatrix gave "the rest, residue and remainder of my estate, real, personal or mixed, of whatever kind and wheresoever the same may be situate, * * * to my husband, William Fitzgerald, in the event that he survives me for a period of ten days." And in the next sentence of this paragraph she provided that in the event her husband "does not survive me for a period of ten days, I give, devise and bequeath my residuary estate in equal shares to and among my ten children," whom she named. All persons having an interest are parties hereto either as plaintiff or defendant.
William Fitzgerald occupied the premises 27 Newark Avenue, Bloomfield, New Jersey, until his death in 1952. By his last will and testament dated April 13, 1943 and duly probated he provided in the second paragraph thereof after directing the payment of his debts as follows: "All the rest, residue and remainder of my estate, real, personal or mixed, of whatever kind and wheresoever the same may be situate, I give, devise and bequeath to my daughter, Agnes Fitzgerald, in the event that she survives me for a period of ten days." In the next sentence in the same paragraph *543 testator provided that if his daughter, Agnes Fitzgerald, did not survive him for a period of ten days, his residuary estate was to go to his eight children "share and share alike, or in equal shares to and among those of my said eight children who may survive me."
Plaintiffs assert their right of action to partition, upon the theory that the testatrix Agnes Fitzgerald having given her husband by the second paragraph of her will a life estate in the premises sought to be partitioned, she intended to exclude the premises from the operation of the residuary clause and thus died intestate as to the premises sought to be partitioned.
The defendant Agnes Fitzgerald, now Barnhill, maintains that her father William Fitzgerald took an estate in fee simple under her mother's will and that by the will of her father (she having survived him for more than ten days) she became the owner by devise of the property in question under his will.
The question for determination therefore is whether under a proper construction of the will of Agnes Fitzgerald both the life estate and the residuary devise to her husband William Fitzgerald became operative.
In Manning v. Lindsley, 65 N.J. Eq. 106 (Ch. 1903), affirmed 67 N.J. Eq. 726 (E. & A. 1904), it was said:
"* * * The mere fact that the residuary legatee is also the legatee for life is not of itself sufficient to restrict this ordinary operation of the words. Nor in the form of the bequest to the wife for life is there anything to exclude the operation of the residuary bequest. * * * This is also the rule of construction applied where there is a devise for life of real estate, and a subsequent residuary devise in fee to the tenant for life, either alone or in connection with others; and in such case the mere fact that there is prior devise to the tenant for life does not, by implication or construction, restrict the full operation of the residuary devise. * * *"
The precise question involved in the instant matter was considered in West v. Chase, 92 N.H. 104, 25 A.2d 688, 689 (Sup. Ct. 1942). It was there held:
*544 "* * * where a life estate is devised with no specific disposal of the remainder, the latter passes under a general residuary clause unless the context of the will indicates a contrary intention. Cases on the subject are collected in 69 C.J. 421, note 51, and in 108 A.L.R. 465. See, also, 2 Jarman, Wills, 7th Ed., 935.
According to the weight of authority the same rule applies where the life tenant named in the will and the residuary devisee are one and the same person. Williams v. Goodtitle, 10 B. & C. 895, 898; Johnson v. Johnson, 17 Del. Ch. 425, 427, 149 A. 306; DeVaughn v. Greer, 144 Ga. 743, 744, 87 S.E. 1022; Davis v. Callahan, 78 Me. 313, 319, 5 A. 73; Manning v. Lindsley, 65 N.J. Eq. 106, 108, 109, 55 A. 1043, affirmed 67 N.J. Eq. 726, 63 A. 1119."
There is nothing in the will of Agnes Fitzgerald to indicate that she intended the premises in question to be excepted from the operation of the residuary clause or that she intended to die intestate thereof. Since William Fitzgerald took an estate in fee simple in the premises 27 Newark Avenue under the will of his wife, his daughter, the defendant Agnes Fitzgerald Barnhill, is now the sole owner of the premises by devise under his will.
The complaint is dismissed.