199 N.J. Super. 490 (1985)
489 A.2d 1229
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF MARTHA C. MALINIAK A/K/A MARTHA C. BENNETT.
Superior Court of New Jersey, Appellate Division.
Submitted February 19, 1985.
Decided March 18, 1985.
*491 Before Judges KING, DEIGHAN and BILDER.
Timins and Lesniak, attorneys for appellant (Raymond J. Lesniak, on the brief).
Robert M. Walton, Jr., attorney for respondent.
The opinion of the court was delivered by BILDER, J.A.D.
This case involves the construction of a will in which a woman made a specific bequest giving her second husband a life estate in the marital abode and then, in a residuary clause, left him the remainder. Her son by her first marriage sought a construction of the will contending that the existence of the specific bequest manifested an intent that his step-father not receive the remainder interest in the marital abode. The husband appeals from a judgment construing the will to give the husband a life estate and devising the remainder to her son.
*492 Martha C. Maliniak died on March 22, 1982 leaving a husband Nicholas Maliniak and a son, Daniel C. Bennett. She left a will dated July 11, 1972, duly admitted into probate, which insofar as it disposed of her property provided as follows:

SECOND: I give, devise and bequeath to my beloved husband, NICHOLAS MALINIAK, a life estate in the real property that I presently own at # 82 Long Point Drive, Shore Acres, Bricktown, New Jersey.
* * * * * * * *
FOURTH: All the rest, residue and remainder of my Estate, whether real, personal or mixed, of which I may die seized or possessed, and wheresoever the same may be situate, whether acquired before or after the execution of this my Will, I give, devise and bequeath unto my beloved husband, NICHOLAS MALINIAK, to be his absolutely and forever.
FIFTH: In the event that my beloved husband, NICHOLAS MALINIAK, predeceased me or in the event that myself and my said beloved husband die at the same time as the result of a common disaster or otherwise, then and in either event, I give, devise and bequeath my entire Estate described in PARAGRAPH FOURTH to my beloved son, DANIEL C. BENNETT, absolutely and in fee.
Bennett petitioned for construction of the will contending that the failure to specifically provide for the reversionary interest in the Bricktown property following the devise of the life estate created an ambiguity requiring construction. The surviving spouse contended the reversionary interest was devised to him by the residuary clause, Paragraph Fourth of the will. In response, Bennett argued that such a construction would render Paragraph Second surplusage.
The trial court, in a letter opinion dated February 22, 1984, concluded the residuary clause was not intended by the testatrix to give her spouse a fee simple estate in the Bricktown property. He found the failure to provide for a fee simple estate following the life estate was an inadvertence. He also questioned why the contingent residuary clause, Paragraph Fifth, referred to the estate described in Paragraph Fourth unless it was intended to dispose of less than all of the testatrix' estate  i.e., that the fee estate in the Bricktown property was not included.
*493 He thereafter concluded that the testatrix intended to create a fee simple interest in her son. This was rationalized by the presumption against intestacy, the fact the son was the only other identifiable object of her bounty and testimony in a prior will contest that the testatrix had made known such an intent. The judge had noted earlier in his opinion:
It should be noted that though at the prior proceeding the petitioner testified together with additional members of his family as to the general intent of the testatrix as to the distribution of her estate, since the real issue then before the court was the question of a subsequent will executed by the testatrix, the surviving spouse therefore offered no testimony in contradiction of the decedent's probable intent.
Consideration of this testimony, described by the judge as supporting his conclusion, "though not relied upon" was improper.
The duty of the court is to construe a will so as to carry out the expressed intent of the testatrix.
... The intention of a testator as expressed in his will controls the legal effect of his dispositions .. . unless the probable intention of the testator, as indicated by the will and relevant circumstances, is contrary. [N.J.S.A. 3B:3-33]
The decision of the court must be reversed. It changes the dispositions clearly expressed in the will and reaches its result by construing the document to create an intestacy as to the remainder interest in the Bricktown property. There is a strong and well-recognized presumption against partial intestacy. See In re Estate of Burke, 48 N.J. 50, 65 (1966); 4 Page, Law of Wills, § 30.14 (New Rev. 1961). "The idea of anyone deliberately purposing to die testate as to a portion of his estate and intestate as to another portion is so unusual in the history of testamentary disposition as to justify almost any construction to avoid it." In re Estate of Burke, supra at 65. While it is proper to consider probable intention as indicated by relevant circumstances, see Engle v. Siegel, 74 N.J. 287, 291-293 (1977), in the instant case consideration of the prior testimony was improper and there is nothing in the language in the will itself to suggest anything more than poor draftsmanship. The distribution of her estate by the wife to her surviving *494 spouse is a common and ordinary provision. Other courts considering similar dispositions have rejected the argument for intestacy and held that the mere fact the residuary legatee is also the legatee for life does not restrict the ordinary operation of the residuary clause. See Fitzgerald v. Barnhill, 24 N.J. Super. 541 (Ch. 1953); Manning v. Lindsley, 65 N.J. Eq. 106 (Ch. 1903), aff'd 67 N.J. Eq. 726 (E. & A. 1904); 4 Page, supra, § 33.53 at 385.
Since there is nothing in the will to indicate Mrs. Maliniak intended the Bricktown property to be excepted from the operation of the residuary clause, her husband took an estate in fee simple and is now the sole owner of the property. See Fitzgerald v. Barnhill, supra, 24 N.J. Super. at 544; 4 Page, supra, § 37.43 at 679.
Reversed and remanded for the entry of an appropriate order confirming the ownership by Nicholas Maliniak of a fee estate in the property at 82 Long Point Drive, Shore Acres, Bricktown, New Jersey.