## E. HOEVELER, EXR., v. ADELBERT HUNE.

APPEAL BY DEFENDANT FROM THE ORPHANS' COURT OF WEST-
MORELAND COUNTY.

Argued October 8, 1890—Decided January 5, 1891.
[To be reported.]

(*a*) A testator, after bequeathing legacies to his only daughter and others, directed that his farm be divided share and share alike between his son and daughter, expressing the "wish and desire that in the division of the same it be done agreeably to" said son and daughter, "and no sale of said farm to be made if possible," as in his judgment it would become very valuable.

(*b*) He then added: "In case of a disagreement between my herein named heirs as to the value of said farm, in making a division, they shall each choose a freeholder, to act as arbitrators. . . . . My said daughter . . . . . to have the first choice to take said farm at the appraised value. Should she refuse to do so, then my only son . . . . . to take the same if he so desires."

(*c*) A subsequent clause directed the executor to take charge of the daughter's interests in the estate, and invest the same for her benefit; or, should she elect to leave her entire interest in the farm during her natural life, then to see, at her death, "that her children only to derive any and all benefits from said estate, and not otherwise: ".

1. The daughter, taking a good title to a moiety of the land in fee-simple, had power to sell it and could convey a marketable title thereto; if the will created a trust at all, which is not decided, it did not apply to the real estate, and could take effect only as to the proceeds of the land, when sold.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 185 October Term 1890, Sup. Ct.; court below, No. 57 November Term 1889, O. C.

On January 4, 1890, Erasmus Hoeveler, executor of the will of Clara Lebling, deceased, presented a petition setting out a contract in writing, of date March 7, 1887, between the petitioner's testatrix and Adelbert Hune, for the sale to said Hune of the undivided one half of a certain tract of land which had been devised to the contracting parties as tenants in common, by the will of their father, William Hune, deceased; the agree-

ment providing that such sums as might be required for the payment of certain legacies mentioned in the will of William Hune, and for the payment of his debts, should be deducted from the purchase money, and that a deed and purchase money securities should be executed and delivered as soon as the interests of said Clara Lebling could be definitely ascertained. Averring that said contract had not been carried into execution in the lifetime of his testatrix, and that she died without making any provision, by will or otherwise, for the execution and delivery of a deed to her vendee, the petitioner prayed for a decree of specific performance.

A citation having been awarded and served, the respondent appeared and answered the petition, admitting the facts therein alleged, and averring that the respondent was entitled to a large credit for money necessary to pay the debts of William Hune, deceased, as provided in the contract; that he was willing upon ascertainment of the amount due the petitioner that the contract should be specifically enforced, provided the respondent would receive a good title to the realty covered thereby; but that said contract ought not to be specifically enforced, for the reason that the provisions of the will of William Hune, deceased, created a trust as to the share or interest of Clara Lebling in said land, and she took only a life-estate therein, so that the deed of her executor could convey nothing to the respondent, or at all events could not convey a marketable title.

The respondent appended to his answer a copy of the will of William Hune, deceased, dated April 29, 1881, and duly admitted to probate, which provided inter alia as follows:

"7. I order and direct, after paying all claims and bequests hereinbefore mentioned, that my farm I now live on is to be share and share alike divided between my only son, Adelbert Hune, and my only daughter, Clare Hune, intermarried with Hugo T. Lebling; but it is my wish and desire that in the division of the same it be done agreeably to my said son, Adelbert Hune, and my said daughter, Clara Hune, now intermarried with said Hugo T. Lebling, and no sale of said farm to be made, if possible, as in my judgment it is going to be very valuable on account of the coal underlying the same; and in case of a disagreement between my herein named heirs, as to

the value of said farm, in making a division, they shall each choose a freeholder to act as arbitrators, the two chosen shall choose one, and the decision of the three so chosen shall be binding and final. My said daughter Clara to have the first choice to take said farm at the appraised value. Should she refuse to do so, then my only son, Adelbert Hune, to take the same, if he so desires.

"8. I direct my hereinafter named executor and friend, Aloysius Frauenheim, to take charge of my said daughter Clara's interest of my estate, and invest the same for her benefit ; or, should she elect to leave her entire interest in the farm during her natural life, at her death to see that her children only to derive any and all benefits from said estate, and not otherwise."

The case having been heard on petition and answer, the court, DOTY, P. J., filing no opinion, entered the following decree :

. And now, August 25, 1890, this case came on to be heard upon petition and answer, and it appearing to the court that the facts in the case are sufficient in equity to sustain the written contract attached to the petition, the specific performance of which is prayed for, and no sufficient cause having been shown to the contrary, the court therefore decrees the specific performance of the said contract, according to the true intent and meaning thereof; and that upon payment by the respondent, Adelbert Hune, of the purchase or consideration money in said petition mentioned, or upon securing the same as provided in said contract, with legal interest thereon, less any deductions therein provided for, the said Erasmus Hoeveler, executor as aforesaid, shall make, execute and deliver to the said Adelbert Hune, his heirs or assigns, a good and sufficient deed in fee-simple for the land mentioned in the contract, according to the true intent and meaning of said contract.[1]

—Thereupon the respondent took this appeal, specifying that the court erred :

1. In entering the decree.[1]

2. In not saving in the decree the right of the respondent to have credit for such payments as he had made on account of the agreement.

*Mr. S. A. McClung* (with him *Mr. A. D. McConnell*), for
the appellant:

The parties can readily adjust between themselves the question of payments made, etc., but the decree as entered does not, as clearly as it should, preserve the right of the appellant to have this adjustment made. Specific performance is resisted solely because of a doubt as to the title, created by paragraph 8 of the will of William Hune. If that paragraph does not create a trust, we are unable to assign any meaning or effect whatever to it. It must be considered in determining what estate the preceding paragraph gives to Mrs. Lebling: Middleswarth v. Blackmore, 74 Pa. 414; Burt v. Herron, 66 Pa. 400; Sheets' Est., 52 Pa. 257. To create a trust, the trustee need not be so named, and a direction to invest, etc., creates an active trust: Sheets' Est., supra; Perry on Trusts, § 305; Bacon's App., 57 Pa. 514; Earp's App., 75 Pa. 119; Ashhurst's App., 77 Pa. 468. In this case, the trustee is directed to see that Mrs. Lebling's children derive all the benefits from her share of the estate at her death. If he is to have the estate intact for the children at her death, he must necessarily have control of it during her lifetime: Stambaugh's Est., 135 Pa. 585. But, a decree for specific performance will never be made unless the vendor can offer a title marketable beyond a reasonable doubt: Mitchell v. Steinmetz, 97 Pa. 251.

*Mr. James S. Moorhead* (with him *Mr. John B. Head*), for the appellee.

Counsel cited: Hamlin v. Thomas, 126 Pa. 20; McIntyre v. McIntyre, 123 Pa. 329.

OPINION, MR. CHIEF JUSTICE PAXSON :

This was a petition in the court below, filed by Erasmus Hoeveler, executor of Clara Lebling, deceased, for specific performance of a contract for the sale of certain real estate, entered into by the said Clara Lebling, in her lifetime, with the said defendant, Adelbert Hune. The latter is entirely willing to perform on his part, but alleges that the title to said real estate is not marketable. If this point is well taken, it is a sufficient reason why specific performance should not be decreed.

The real estate in controversy belonged to William Hune. He devised it to his daughter Clara, and to her brother, Adelbert Huné, the two parties to this contract. Clara agreed to convey her interest in said real estate to her brother, and this is the subject of the present contention.

Up to a certain point, there appears to be no dispute between the learned counsel of the respective parties. It is not denied that, by the seventh paragraph of the will of William Hune, Clara took a good title in fee-simple to a moiety of the land, and that the language of this paragraph, in regard to division, appraisement, and sale of the land, is merely precatory and does not affect her title. But the defendant contends that the devise contained in the seventh paragraph is controlled by what follows in the eighth paragraph. The language of the eighth paragraph is as follows :

"I direct my hereinafter-named executor and friend, Aloysius Frauenheim, to take charge of my said daughter Clara's interest of my estate, and invest the same for her benefit; or, should she elect to leave her entire interest in the farm during her natural life, at her death to see that her children only to derive any and all benefits from said estate, and not otherwise."

In regard to this paragraph, the learned counsel for the appellant say in their printed argument : "Appellant hesitates to aver that said paragraph creates a trust, or restricts Mrs. Lebling's control over the property bequeathed to her by said will ; but, unless he gives it that effect, he is unable to assign any meaning or effect whatever to it, and hence submits that the title offered him is not such as he is entitled to."

If this will does create a trust, which is by no means clear, it does not affect the real estate. It can only take effect when the real estate is sold and the proceeds come into the possession of the executor. The direction to take charge of the estate was accompanied with an order to "invest the same." This could only be done after the land was converted into money. If we may be permitted to guess at the intent of the testator, it is at least probable that he thought the advice and assistance of a judicious friend, as to investments, might be useful to his daughter in case she sold her property. While she continued to hold it such advice and assistance were wholly unnecessary.

That the testator regarded the sale of her interest by his daughter as possible, if not probable, appears not only by his precatory words in the seventh paragraph of the will, but also by the eighth paragraph, where he says, "should she elect to leave her entire interest in the farm during her natural life," etc. This, we think, clearly shows that he did not intend to take away from his daughter the power of alienation conferred by the preceding paragraph. For, if Clara took only a life-estate, without a power of alienation, what election had she?

We are not called upon now to say whether the eighth paragraph of William Hune's will creates a trust. We are clear that as to the land there is no trust, and it will be time enough to decide the question of trust as to its proceeds when this contract has been specifically executed, and the executor has received this portion of her estate and settled an account. For the present we will pass upon only what is before us, which is that Clara Lebling had a marketable title to the real estate in controversy.

> The decree is affirmed, and the appeal dismissed, at the costs of the appellant.

--------

138  147
143   91

