# Young, Appellant, *v.* Fager.

*Will—Real estate—Probate—Appeal.*

A will devising real estate is conclusive as to such realty unless within three years from its probate an appeal is taken from the action of the register admitting it to probate.

*Will—Revocation by subsequent deed.*

A deed subsequent to the date of a will conveying the property devised by the will to the same persons to whom it is devised, does not revoke the will.

*Ejectment—Deed—Will—Intestacy.*

In an action of ejectment where plaintiffs claim as daughter and granddaughter of the former owner, under the intestate laws, and defendants under deeds and a will of the same person, a nonsuit is properly entered, where the evidence offered by the plaintiffs and overruled by the court was a will devising the land to defendants, and a subsequent deed granting the same land to the defendants, and an offer to prove that the deed was procured by fraud, and it appeared that the deed in no way revoked the will, and that the will was probated, and that no appeal was taken from the probate within three years as provided by the Act of June 25, 1895, P. L. 305.

Argued May 22, 1901. Appeal, No. 328, Jan. T., 1900, by plaintiff, from order of C. P. Lancaster Co., June T., 1896, No. 57, refusing to take off nonsuit in case of Caroline Young and Elsie M. Swartz v. Amanda F. Fager, wife of George Fager, Ella B. Ulmer, wife of George Ulmer, Catherine M. Swartz and Mary E. Swartz, Central National Bank of Columbia, A. J. Kaufman, President, and John Watson. Before McCol-LUM, C. J., MITCHELL, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Columbia borough. Before LIVINGS-TON, P. J.

At the trial the plaintiffs showed that they claimed as the daughter and granddaughter of Conrad Swartz. They offered in evidence a deed for the property in dispute dated September 17, 1888, from Conrad Swartz to the defendants, to be followed by proof that the deed was procured by fraud. Objected to as immaterial and irrelevant. Objection sustained and bill sealed. [3]

Plaintiffs also offered to prove that on July 28, 1888, Conrad Swartz made a will probated about May 2, 1896, by which he devised the land in dispute to defendants, and that afterward the said will was revoked by the deed dated September 17, 1888, to be followed by proof that the deed was procured by fraud, the purpose of the offer being to show that Swartz died intestate. Objected to. Objection sustained, and bill sealed. [4]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1, 2) refusal to take off nonsuit; (3, 4) rulings on evidence, quoting the bill of exceptions.

*B. F. Davis*, with him *L. N. Spencer*, for appellant.—The plaintiffs made out a prima facie case by proving the seizin and death of their ancestor: Jones v. Bland, 112 Pa. 176; Parry v. Parry, 130 Pa. 94.

A deed void because of fraud operates as a total revocation of a will: Simpson v. Walker, 5 Simons, 1; Jarman on Wills (5th ed.), 167; Skerret v. Burd, 1 Wharton, 246; Jones v. Hartley, 2 Wharton, 102.

*W. U. Hensel* and *John A. Nauman*, for appellee.—There is no presumption that one dies intestate. On the contrary, the law presumes that one dies testate; it favors testacy. The statute regulating the descent of real estate in Pennsylvania relates only to the property of those who die without having disposed of it by will or otherwise. Before it can be taken by descent it must first appear that it has not been devised by will. The language of the act is unmistakable. "The real and personal estate of a decedent, whether male or female, remaining after payment of all just debts and legal charges which shall not have been sold or disposed of by will, or otherwise limited by marriage settlement, shall be divided and enjoyed as follows," etc: Act of April 8, 1833, P. L. 316.

There was no proof that the ancestor, under whom title was claimed, had died intestate; the admitted fact was that he had made a will, proved for more than three years, without caveat or appeal; and that will, offered by the appellants, showed that he had devised all his real estate to appellees, grantees in his

former deeds. The plaintiffs' offer of a deed to disprove their own title was properly overruled.

A will devising real estate does not revoke a deed to the same devisees: Aubert's Appeal, 109 Pa. 447.

A will can now only be contested "by caveat and action at law duly pursued," and the contestant is restricted to the proceeding before the register and an issue devisavit vel non, directed by the orphans' court.

The probate of a will by the register is a judicial act which cannot be collaterally impeached in action of ejectment, brought in the right of the heir at law, to recover the real estate devised by the will: Cochran v. Young, 104 Pa. 333; Wilson v. Gaston, 92 Pa. 207.

The probate of a will devising real estate is conclusive on all persons, whether infants, feme covert, non compos mentis or not, unless contested as pointed out by statute: Warfield v. Fox, 53 Pa. 382; McCort's Appeal, 98 Pa. 33; McCay v. Clayton, 119 Pa. 133; Wall v. Wall, 123 Pa. 545; Broe v. Boyle, 108 Pa. 76; Shoenberger's Estate, 139 Pa. 132; Matthews v. Biddell, 8 Pa. Superior Ct. 114; Beatty's Estate, 193 Pa. 304.

PER CURIAM, July 17, 1901:

This was an action of ejectment in which the plaintiffs, failing to establish title or right of possession to the property they coveted, were nonsuited. On appeal to this court they filed nine assignments of error, two of which referred to the judgment of nonsuit and the remainder to offers of evidence which were rejected as irrelevant. In our examination of the assignments and the rejected offers, we have found nothing which would justify the setting aside of the judgment of nonsuit. We therefore dismiss the appeal and affirm the judgment aforesaid.