JOSEPH B. REED, Ex'r *vs.* SARAH E. CREAMER, et als.

Penobscot.   November 18, 1919.

*Wills.   Equity.   Estates in fee as distinct from estates for life with qualified power of disposal.   Rule as to gift of the perpetual income of real estate being a gift of the real estate itself.   Rule where the gift of the income of real estate is for the life of the donee.   Rule as to the gift being affected by limitations over.*

Bill in equity to construe the following provision in the will of George S. Bartlett:

"I give and bequeath to Ellen M. Bartlett my beloved wife the use, improvement and income of all my estate both real and personal including rights and credits of every description wherever the same may be found. Together with the right to sell and to convey any part or all of my estate and to take to her use and benefit the proceeds of such sales whenever it shall be necessary for her comfort and maintenance paying my funeral charges and probate expense of this my last will and testament."

*Held:*

1. That the two sentences should be read together.

2. Thus read, the wife was given a life estate by implication coupled with a qualified power of disposal, the qualification being the necessity of sale by her in order to secure her comfort and maintenance.

3. That power of sale must of necessity be exercised by the beneficiary during her lifetime and cannot be exercised by will. At her decease the real estate in question not having been disposed of by her passed as intestate estate to the heirs at law of George S. Bartlett.

Bill in equity asking for the construction of the will of George S. Bartlett. Cause was heard upon bill and answer and reported by agreement to Law Court. Judgment in accordance with opinion.

Case stated in opinion.

*Joseph B. Reed*, pro se.

*Mayo & Snare*, for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, WILSON, DEASY, JJ.

CORNISH, C. J. Bill in equity asking construction of the will of George S. Bartlett, late of Orrington, dated October 6, 1874, and probated in Penobscot County at the October Term, 1877.

The language is as follows:

"First, I give and bequeat to Ellen M. Bartlett, my beloved wife the use improvment and income of all my estate both real and personal including rights and credits of every description wherever the same may be found. Together with the right to sell and to convey any part or all of my estate and to take to her use and benefit the proceeds of such sales whenever it shall be necessary for her comfort and maintainance paying my funeral charges and probate expence of this my last will and testament."

The second clause appoints his wife executrix. There is no devise over. The widow married a man named Sheil and died testate on January 28, 1916. By her will she attempted to devise the real estate which had come to her from her first husband, George B. Bartlett, under the provision before quoted.

The precise question before this court is, what was the nature of the estate devised to Ellen M. Bartlett? Was it an estate in fee, or was it an estate for life with a qualified power of disposal? We think it was the latter, that such was the intention of the testator and that his intention is adequately expressed.

The will was drawn apparently, not by an attorney, but by some layman whose orthography was not the best but who nevertheless

made clear the wish of the husband, namely, the comfortable maintenance of his wife from his property, from the use and income thereof if sufficient for that purpose, but if necessity should require, from the proceeds of such sales as she was given the power in her lifetime to make. This was a perfectly natural disposition of his property under the circumstances, as apparently there were no children to be provided for, and when that object was accomplished he attempted to control its distribution no further, but was willing that it should pass to his legal heirs as intestate property.

If this devise consisted of the first sentence alone, and the wife were given the absolute use, improvement and income of the estate both real and personal, without modification, qualification or explanation, it might reasonably be held that she took an estate in fee, because it is a settled rule of testamentary construction that a gift of the perpetual income of real estate is a gift of the real estate itself, and a gift of the income for life is a gift of the real estate for life, where there are no overruling words in the will establishing the contrary. *Sampson* v. *Randall*, 72 Maine, 109. *Hopkins* v. *Keazer*, 89 Maine, 347, 356. Words of inheritance are not necessary. R. S., Chap. 79, Sec. 16.

Here however there are qualifying and explanatory words which modify and overrule the presumption of a fee. The second sentence, although separated from the first by a period, is linked with it in meaning by the initial words: "Together with the right to sell and to convey any part or all of my estate and to take to her use and benefit the proceeds of such sales whenever it shall be necessary for her comfort and maintainance." The two sentences must in fairness be read to gether, and, thus read, it is evident that the estate granted is a life estate by implication coupled with a qualified power of disposal, the qualification being the necessity of sale in order to secure the comfort and maintenance of Mrs. Bartlett. That power of necessity must be exercised during the lifetime of the beneficiary. It cannot be exercised by will, because in that event the proceeds could not be used for her own support.

This is not a case where an absolute estate in fee is granted and then a futile attempt is made to restrain or restrict the power of alienation; but it falls within the fourth rule of construction stated in the recent case of *Barry* v. *Austin*, 118 Maine, 51, 105 At., 806, viz: "If however, the devise is expressed in such general terms as would other-

wise create an estate of inheritance under R. S., Chap. 79, Sec. 16, and these general terms are followed by a qualified and restricted power of disposal in the first taker, a life estate by implication is created and the limitation over is valid." There is no limitation over in the present case, but that does not affect the application of the rule so far as the creation of the life estate by implication is concerned. The validity of the limitation over is not the cause of the creation of a valid life estate, but the result, and the rule itself applies with equal force whether the life estate is followed by a limitation over to persons named by the testator, or by intestacy and the consequent distribution among his unnamed heirs at law.

This rule, its reason and its application are fully considered in *Barry* v. *Austin,* supra, and it is unnecessary to discuss them further here. That case in principle is decisive of the case at bar, although. so far as the actual intent is concerned, the words of this will, giving only the use, improvement and income of the property instead of the property itself as in the Austin case, reveal far more clearly the rule of construction which has declared the two expressions to be equivalent.

Our answer therefore is that Ellen M. Bartlett took only a life estate in the real estate described in the bill and had no power to dispose of the same by will. At her decease this real estate passed as intestate estate to the heirs at law of George S. Bartlett.

Under the circumstances we think the parties were justified in applying to this court for instructions, and the intestate estate should properly bear the reasonable expense of this litigation. Reasonable counsel fees may be fixed by the sitting Justice. *Bailey* v. *Worster,* 103 Maine, 170; *Barry* v. *Austin,* 118 Maine, 51, 105 At., 806.

> *Bill sustained with costs.*
> *Decree in accordance with*
> *the opinion.*