Rockingham, }
April 7, 1942. } No. 3291.

ELIZABETH C. WEST & *a. v.* OLIVER B. CHASE (*individually and as Executor under the will of* ANNA BELLE CARTER).

*William H. Sleeper*, for the plaintiffs.

*Batchelder & Wheeler*, for the defendant.

MARBLE, J.   Since the plaintiffs are not fiduciaries, they cannot maintain a bill for direction and advice.   *Owen* v. *Busiel*, 83 N. H. 345, 347, and cases cited.   But, although the present proceeding is entitled a petition for the construction of a will, it appears to seek the rendition of a declaratory judgment.   It is therefore deemed to have been instituted under the authority of chapter 86 of the Laws of 1929 to determine the title to real estate.

Oliver B. Chase as executor is not properly a party to the proceed-

ing since he has no interest in the real estate in his representative capacity. Either the title to the homestead farm vested in him individually as devisee under the will of Anna Belle Carter or, if Anna Belle and May Lizzie possessed only a life estate in the property, the remainder-interest vested in the heirs of Mary H. Carter at the date of her death subject to the life estate. That the remainder was not intended to so vest seems quite evident.

The phrase "for their use and benefit during their lives," read in connection with the other provisions of the will, merely evinces a design to restrict the sale of the farm and to insure its continuance as a family home during the lives of Anna Belle and May Lizzie, under whose "management and authority" the home is to be maintained. It does not appear that the testatrix had any expectation that her remaining heirs would occupy the farm as a home after the death of these two daughters. It is true that she does not in express terms devise the remainder over, but by a general residuary devise and bequest she bestows upon Anna Belle and May Lizzie all the rest and residue of her estate, "real, personal, and of every kind and nature."

In view of this all-inclusive provision it is hard to believe that the testatrix intended to leave the remainder undisposed of and thus limit the interest of Anna Belle and May Lizzie therein to the fractional portions they would inherit as heirs. And a further indication that she did not intend to die intestate with respect to the remainder is shown by the fact that one of the heirs who would inherit the remainder-interest was her daughter, Georgia Chase, who, in the opinion of the testatrix, was so "comfortably situated" and so "well provided for" that she merited no more than a nominal bequest.

The law applicable to the situation is well established. Partial intestacy will not be inferred in the absence of evidence which clearly warrants the inference (*Clyde* v. *Lake*, 78 N. H. 322; *Heffenger* v. *Heffenger*, 89 N. H. 530; *Cowan* v. *Cowan*, 90 N. H. 198, 202), and where a life estate is devised with no specific disposal of the remainder, the latter passes under a general residuary clause unless the context of the will indicates a contrary intention. Cases on the subject are collected in 69 C. J. 421, note 51, and in 108 A. L. R. 465. See, also, 2 Jarman, Wills (7th *ed.*), 935.

According to the weight of authority the same rule applies where the life tenant named in the will and the residuary devisee are one and the same person. *Williams* v. *Goodtitle*, 10 B. & C. 895, 898; *Johnson* v. *Johnson*, 17 Del. Ch. 425, 427; *DeVaughn* v. *Greer*, 144 Ga.

743, 744; *Davis* v. *Callahan*, 78 Me. 313, 319; *Manning* v. *Lindsley*, 65 N. J. Eq. 106, 108, 109 (affirmed 67 N. J. Eq. 726).

It is, therefore, our conclusion that the plaintiffs are not remaindermen under the will of Mary H. Carter, but that as to them Anna Belle and May Lizzie Carter took an estate in fee in the homestead farm and that by virtue of their respective wills title to that property vested in Oliver B. Chase.

*Judgment for the defendant.*

All concurred.