## Hartman Estate

*James L. Atkins*, for petitioners.

*Ray G. Light*, for respondents.

EHRGOOD, P. J., July 7, 1954.—This matter is before the court on a petition for a declaratory judgment construing the will of Margaret K. Hartman, deceased, and two codicils thereto. The possibility of litigation

exists by reason of a written contract dated February 10, 1954, for the sale of real estate situate 21 Chestnut Street, Lebanon, Lebanon County, Pa., which is an asset of the estate of the decedent, which was entered into between Ethel A. Treist, Nell Schuler and Hazel N. Albert, as sellers, and Harry Houtz and Dorothy Houtz, as purchasers; the contract was executed by Mrs. Schuler and Mrs. Treist, on behalf of the sellers. The purchasers have refused to complete the contract of purchase at this time, contending that testatrix has restricted and prohibited the alienation and sale of the real estate for a period of five years from the date of the death of decedent. On April 15, 1954, petitioners filed a petition for a declaratory judgment in the Orphans' Court of Lebanon County, Pa. Respondents had an appearance entered by their attorney, Ray G. Light, for and on behalf of respondents. The answer filed April 26, 1954, admits the first six paragraphs of allegations contained in the petition and paragraph 7 sets forth the following new matter:

"7. Ethel H. Treist, Nell Schuler and Hazel N. Albert, either as individuals or as executrices of the last will and testament of Margaret K. Hartman, deceased, are forbidden to alienate the premises at No. 21 Chestnut Street, Lebanon, Pennsylvania, within five (5) years from the date of the death of Margaret K. Hartman which occurred on February 22, 1953, under her last will and codicils thereto".

Petitioners filed an answer to the new matter in which it is denied that the last will and testament of Margaret K. Hartman, deceased, and codicils thereto, imposed any restrictions or limitations upon petitioners, Ethel A. Treist, Nell Schuler and Hazel N. Albert, either as individuals or as executrices of the last will and testament of decedent, to alienate the premises at 21 Chestnut Street, Lebanon, Pa.; that any expression

contained in the last will and testament and the codicils are precatory in nature and set forth only the wishes, desires and ideas of decedent with respect to the real estate.

A hearing was held on the pleadings on June 1, 1954, from which the following facts, inter alia, appear.

The last will and testament of decedent was filed and recorded in the office of the Register of Wills of Lebanon County, in will book T, page 241. The will was dated May 9, 1950, a codicil thereto dated May 10, 1950, a second codicil dated December 2, 1950. The will and codicils were made by decedent herself in her own handwriting. The will was probated on March 7, 1953, and letters testamentary thereon were issued to the three petitioners. Decedent left to survive her a daughter, Nell Schuler, a daughter, Ethel A. Treist, a daughter, Hazel N. Albert, and a son, Russell, who resides in Hazleton, Pa., and who has filed a release of any rights that he might have in the estate of his deceased mother, who was a widow. At the time of her death deceased owned and had title to premises situate at 21 Chestnut Street, Lebanon, Pa., by virtue of the will of her deceased husband, A. I. Hartman, who died February 21, 1920. Deceased continued to own the property and reside therein up to the time of her death. The property is a two-story dwelling house constructed of cement block and is erected on the north side of Chestnut Street with a frontage of 22 feet 6 inches and extending northwardly in depth 199.5 feet to the south side of Walnut Alley. Petitioners, as executrices aforesaid, and as heirs, entered into a written contract of sale for the house and lot of ground with Harry and Dorothy Houtz which provided, inter alia, for the sale of the property to the buyers for the sum of $7,900, including $100 down money, balance of $7,800 to be paid March 10, 1954. The sale, under the written contract, has not been

completed for the reasons relating to provisions of decedent's will. The will and codicils of decedent are as follows:

"MKH Lebanon, Pa. May 9th 1950. To my three Daughters Mrs. Ethel Hartman Triest Mrs. Nell Hartman Schuler Mrs Hazel Hartman Albert My wish for the last Will, Since everything is so uncertain, espepecially in Alan's life; Alen Schuler Alan is my Grand-Son I think it best to not sell 21 Chestnut St House for five year's over If you girls cannot afford it use some of the Government bonds to finance—In five years you will Know. what's best for YOU ALL—Its a home for all and I hope you all three see id that way—The furniture can be used as is I name the Daughters Mrs Ethel Hartman Triest Mrs Nell Schuler nee Hartman Mrs Hazel Hartman Albert My executors. Signed Margaret K. Hartman 21 Chestnut Street Lebanon Pa."

"Lebanon—Pa. May 10—1950 Im still conveinced That my idea's about NOT Selling the property on 21 Chestnut St Lebanon Pa. for five year's—At that time if Alan E. Schuler is still so unsettled, reason conditions's and between you three Daughters take care of him.—If you do sell, after five year's thought Mrs. Nell Hartman Schuler is to receive half of money received from sale she having paid $1,000 over for her lot to build on. at 23 Chestnut St Lebanon Pa which was too much. The other half to my other two Daughter—in equal shares—Mrs Ethel Hartman Triest Lebanon Pa Mrs Hazel Hartman Triest Reading Pa. Signed by Margaret K. Hartman 21 Chestnut Street Lebanon, Pa.

Dec 2—1950" "I want my Daughter Mrs. Neil Schuler, to get Five Hundred $500—also 300 before settlement is made, my reason for this is—she payed too much for the lot she built her house on, at 23 Chestnut St Lebanon The other amount for her help to her Son

Alan Schuler she will share in remaining. Signed Margaret K. Hartman 21 Chestnut St Lebanon Pa"

Petitioners contend that the intention of testatrix is to be collected from the whole will, including codicils, and from the consideration of all the provisions of all of the instruments and every part thereof, citing Patterson's Estate, 333 Pa. 92; Moorhead's Estate, 289 Pa. 542. They further contend that the intention of testatrix expressed in her will and codicils was to pass her entire estate, including the real estate in question, unto her three daughters named, as aforesaid.

We agree with the contention of petitioners that the expressions of testatrix as contained in her will, to the effect that "I think it best not to sell 21 Chestnut Street for five years" does not import or indicate an intent on the part of testatrix to limit the estate or interests of her three daughters in the property but should be considered simply as expressing the recommendations of testatrix as to the manner in which her daughters should employ or utilize the estate's interests granted unto them.

In Eberle v. Wood et al, 304 Pa. 403, it was held:

" 'Where words sufficient to vest an absolute interest are used in a will, such interest is not to be cut down by subsequent provisions unless the testator has indicated a clear intent to take away the estate previously given'. . . . The absence of a gift over aids the construction that an absolute estate was intended to be given. . . . 'The policy of the law is to keep the alienation of land free from embarrassing impediments, and it endeavors to strip devises and grants of restrictive conditions tending to fetter free disposition; therefore, if the language of the condition is not clear, . . . it is not given effect'. . . . Where a testator after stating that he disposes 'of such estate as it hath pleased God to entrust him with', gives and bequeaths 'to his two nephews all his estate real and personal to them their

heirs and assigns' without a gift over, and provides that the nephews 'shall each or either of them, or their heirs occupy the said demised premises as and for a domicile for a period of not less than ten consecutive years', the condition is not enforceable, and the nephews' gift in fee is not cut down by it."

We are of the opinion in the instant case that its dominant purpose manifested by the will was to give a fee, and the other expressions used are not sufficiently clear to cut it down to an estate upon condition. See also, Garrett's Estate, 321 Pa. 74; Tombs Estate, 155 Pa. Superior Ct. 605, and Lisle's Estate, 22 Pa. Superior Ct. 262. Here the court held that the expression, "I also request my children in making their wills to give the property they receive by this will, unless the strongest reasons should urge them to the contrary, to the direct heirs of my husband and myself," did not reduce the original gift.

In the recent case of Cooper et al. v. Diamond et al., reported at 1 D. & C. 2d 593 the court was asked to construe a testamentary provision imposed upon a life estate testator gave to his children, said testamentary provision being expressed in the following words: "To be used by them as a home and is not to be rented or sold". The court held that the words should be considered as explanatory of the purpose or motive of the devise and that these words coupled to a legal life interest are merely precatory in nature and not legally binding upon the heirs.

In the case of Hoeveler, Exec., v. Hune, 138 Pa. 442, testator devised his farm unto his children in equal shares with the provision " 'but it is my wish and desire—and no sale of said farm to be made, if possible, as in my judgment it is going to be very valuable' ".

The court, finding that testator intended to give an estate in fee unto the children, rather than an estate

with limitations or on condition, refused to take away from the children or heirs the power of alienation of the real estate so devised to them.

It seems clear to this court in the instant case that testatrix intended to give to the three named daughters a title in fee simple for the property 21 Chestnut Street, Lebanon, Pa., and that the words used by her were merely expressive of a wish or suggestion, and therefore, are not prima facie sufficient to place a limitation on alienation by them of the property.

It is also contended by petitioners that the act of the register of wills in accepting the writings offered for probate as a last will and testament of decedent is conclusive as to their character and cannot be impeached in a legal proceeding but only by appeal from the action of the register of wills.

The Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.303, provides that a will devising real estate is conclusive as to such realty unless an appeal is taken from the action of the register of wills admitting it to probate: Geho's Estate, 340 Pa. 412; Young v. Fager, 200 Pa. 329; Wettach v. Horn, 201 Pa. 201. We agree with this contention of petitioner.

Wherefore, after careful consideration of the law and the facts, we make the following

### Order and Decree

And now, to wit, July 7, 1954, it is hereby ordered and decreed that under the terms and provisions of the will and codicils thereto, of Margaret K. Hartman, that petitioners, namely, Ethel H. Triest, Nell Schuler, and Hazel N. Albert, were devised and bequeathed a fee simple title in and to the real estate of decedent, consisting of a lot of ground with a two-story concrete block dwelling house thereon situate at 21 Chestnut Street, Lebanon, Pa., without limitations or restraint upon their right of alienation. The costs of this proceeding are to be paid out of the estate of decedent.