165 A.2d 739 (1960)
Lydia Todd WEBSTER, Plaintiff,
v.
Ruth P. STACKHOUSE, Defendant.
Court of Chancery of Delaware, New Castle.
October 26, 1960.
E. Dickinson Griffenberg, Jr., of Killoran & VanBrunt, Wilmington, for plaintiff.
Clement C. Wood of Allmond & Wood, Wilmington, for defendant.
SEITZ, Chancellor.
Norris C. Morgan ("testator") died December 22, 1936, owning the property known as 2806 N. Franklin Street, Wilmington. He was survived by his widow, Edith Lawson Morgan ("widow") and a daughter by a previous marriage, Ruth Morgan Parsons, now Ruth P. Stackhouse, the defendant. The testator left the following will:
"I, Norris C. Morgan of the City of Wilmington, New Castle County and State of Delaware, do make, publish and declare this as and for my last Will and Testament, hereby revoking and making void any and all wills by me at any time heretofore made.
"1st. I direct that all my just debts be paid.
"2nd. It is my absolute wish and decree that all the residue of my Estate both Real, Personal, after the payment of all my just debts, shall become the property of my wife, Edith Lawson Morgan by her to be used as she shall see fit, for her maintainance and support.
"3rd. I desire that my wife Edith Lawson Morgan shall administer on my Estate.

*740 "In accordance with this desire, I hereunto set my hand and seal this Fifth day of August in the year of our Lord, One Thousand nine hundred and twenty seven."
 (Seal) Norris C. Morgan
The widow did not convey or sell the property during her lifetime. She died March 23, 1949, and by her will she devised the property to her second husband, William Todd. He, in turn, died testate in 1954, leaving the property to his daughter, Lydia Webster, the plaintiff. The plaintiff has been in possession since that date.
This is, in substance, a declaratory judgment action seeking to remove a cloud on plaintiff's title. Both parties have moved for summary judgment and this is the decision thereon.
The basic issue is whether, under the testator's will, his widow took a fee simple or only an estate for life with a qualified power of disposal. The object is to try to find the testator's intent. The parties feel that the facts relevant to this determination are in the record and undisputed.
Preliminarily, it is undisputed that under Delaware law words of limitation are no longer required to devise a fee, 12 Del.C. § 106.[1]
Plaintiff claims that the same statute creates a presumption of the grant of a fee. I shall pass over this issue because it is evident that the statute leaves open the basic issue here, namely, whether the testator intended to devise less than a fee simple to his widow.
The defendant insists that the testator intended to pass to the widow only a life estate with a qualified power to dispose of the principal. She places great reliance upon the case of Reed v. Creamer, 118 Me. 317, 108 A. 82. The case is similar to the present one in many respects. Thus, it contained a statute similar to ours and there was no devise over. It contained the following dispositive provision:
"First, I give and bequeat to Ellen M. Bartlett, my beloved wife, the use improvment and income of all my estate both real and personal including rights and credits of every description wherever the same may be found. Together with the right to sell and to convey any part or all of my estate and to take to her use and benefit the proceeds of such sales whenever it shall be necessary for her comfort and maintainance paying my funeral charges and probate expence of this my last will and testament. [sic]"
The Maine court concluded that the testator did not intend to devise the property to his wife in fee. The court emphasized that the testator sought to provide that the use and income of his estate should be used to make his wife comfortable and, if necessary, the proceeds from the sale of the principal could be so employed. The court said that under the circumstances the absence of a devise over was not significant.
I think the language of the testator in the Reed case is different from that here involved. In our case there is no reference to the "use" or "income" from the testator's property. The use of such language by the testator in the Reed case shows that he had in mind and applied the distinction between income and principal. The present testator said that his widow might use the property as she saw fit. It is true that he added the words "for her comfort and maintainance". But in the context of this will I believe they constitute a statement of the testator's reason for making the gift, not a limitation. See Maynard v. Cleaves, 149 Mass. 307, 21 N.E. 376.
*741 Since there is no provision in the will covering the disposition of the alleged remainder, the defendant is of course arguing that the testator died intestate as to such interest. Each will construction case casts a shadow of a different shape. However, I think the absence of any provision disposing of the alleged remainder interest is strong evidence, absent other factors, that the testator intended to dispose of the fee by will. See 3 Page On Wills (Perm. Ed.) § 1111. This will is to be contrasted with the language of the will in Sapp v. Sapp, 33 Del.Ch. 524, 96 A.2d 741.
Other facts reinforce the belief that the testator intended to devise a fee. Thus, his daughter was of age and married at the time the testator made his will. Thus, her need was not evident.
Defendant's counsel argues that for "family reasons" he may have preferred to die intestate, knowing that his daughter by a prior marriage would receive the fee under our statute governing intestacy. I do not see the logic of this reasoning because the effect of the testator's action would be the same whether he did it by will or by operation of law.
I recognize that the expression of a testator's intention to leave a limited estate can be so clear that the absence of a provision for the disposition of the remainder will not alter the result. However, I do not believe the will here involved even remotely calls for that conclusion.
Considering the language of the will and the surrounding circumstances which the parties have tendered to the court, I conclude that the testator intended by his will to devise the Franklin Street property to Edith Lawson Morgan in fee simple. It follows that plaintiff now holds that fee. Defendant's motion for summary judgment will be denied and plaintiff's motion will be granted.
Present order on notice.
NOTES
[1] "A devise of real estate, without words of limitation, shall be construed to pass the fee simple, or other whole estate, or interest, which the testator could lawfully devise in such real estate, unless a contrary intention appears by the will".