RUTH P. STACKHOUSE,
Appellant,

*vs.*

LYDIA TODD WEBSTER,
Appellee.

*Supreme Court, On Appeal, April 10, 1961.*

*Clement C. Wood,* of Allmond & Wood, Wilmington, for defendant below, appellant.

*E. Dickinson Griffenberg, Jr.,* of Killoran & VanBrunt, Wilmington, for plaintiff below, appellee.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

BRAMHALL, Justice: The sole question raised in this appeal is whether testator under his last will and testament devised certain real estate in the City of Wilmington to his widow in fee simple or gave her a life interest only.

The testator, Norris C. Morgan, died on or about December 22, 1936, leaving to survive him his widow, Edith Lawson Morgan, and a daughter by a previous marriage, Ruth Morgan Parsons, now Ruth P. Stackhouse, the defendant. Under his last will and testament, testator devised all the residue of his estate, including his property at 2806 N. Franklin Street, Wilmington, in the following language:

> "2nd. It is my absolute wish and decree that all the residue of my Estate both Real, Personal, after the payment of all my just debts, shall become the property of my wife, Edith Lawson Morgan by her to be used as she shall see fit, for her maintenance and support."

Testator made no other devise. The widow did not sell the property in her lifetime. Upon her death on or about March 23, 1949, she left a last will and testament, in which she devised the premises above referred to to her second husband, William L. Todd, but if he should predecease her, to her stepdaughter, Lydia Todd Webster. William L. Todd died in 1954. In his will he devised the premises in question to his said daughter, Lydia Todd Webster, plaintiff.

An action for declaratory judgment was instituted by plaintiff to remove a cloud on the title to the property in question. Both parties moved for judgment under *Rule* 56 of the *Court of Chancery, Del.C. Ann.* The Chancellor entered judgment thereon for plaintiff. Defendant appeals.

Defendant contends that the widow of testator received only a life estate with a qualified power of disposal. Admitting that if the widow had found it necessary to sell the property during her lifetime in order to provide for her maintenance and support, she could have done so, defendant says that since the widow did not dispose of the property during her lifetime, anything remaining at the time of her death as a result of testator's will passed to defendant.

Plaintiff argues that testator intended to devise a fee simple interest to his widow; that the statute in this state (12 *Del.C.* § 106) provides that absent a contrary intent appearing in the instrument, a deed or devise of real estate without words of limitation, passes an absolute estate; that the conclusion that testator intended to devise an absolute estate is evidenced by the fact that he failed to provide for a gift over; that to construe testator's will in any other manner than that for which plaintiff contends would result in intestacy on the part of testator as to the whole of the remainder.

It will be obvious that the difficulty with the interpretation of testator's will concerns the words "for her maintenance and support". Under 12 *Del.C.* § 106, it is provided that a devise of real estate without words of limitation shall pass the whole estate which testator could lawfully devise. Absent this language in the residuary clause of testator's will, it would undoubtedly be construed as passing the whole estate, since there is no other language in the will throwing any light upon testator's intention. *Scott v. Smith,* 286 *Ky.* 697, 151

*SW*.2d 770; In re *Garrett's Estate,* 321 *Pa.* 74, 183 *A.* 785. The inclusion of such language throws some doubt upon the interpretation to be given to this clause, making construction thereof necessary.

It is almost trite to say that the intent of the testator, as found in the language of the will as a whole, is the paramount question to be determined. *Wilmington Trust Co. v. Wilmington Society of Fine Arts,* 27 *Del.Ch.* 243, 34 *A.2d* 308; *Carrow v. Thropp* et al., 29 *Del.Ch.* 201, 48 *A.2d* 379. Other rules of construction are offered generally to point up such intention. In re *Dungan's Estate,* 31 *Del.Ch.* 351, 73 *A.2d* 776. See 2 Page on *Wills,* § 916, *p.* 792. Nevertheless, all pertinent rules of construction should be considered.

Partial intestacy will not be inferred in the absence of evidence which clearly warrants the inference. *West v. Chase,* 92 *N.H.* 104, 25 *A.2d* 688. There is no clear indication in this case that testator intended to die intestate as to the whole of the remainder of his estate: there is a presumption to the contrary. *Curley v. Di Michele* et al., 19 *Del.Ch.* 169, 165 *A.* 155. Where the duration of the estate is not set forth clearly by the terms of the will, a gift over of what is undisposed of tends to show that the estate in question was an estate for life. Where there is no language which could be considered as a gift over, it takes rather clear language to indicate that only a life estate is intended. *Union Trust Co. v. Madigan,* 183 *Ark.* 158, 35 *S.W.2d* 349; In re *Forde's Will,* 286 *N.Y.* 125, 36 *N.E.2d* 79; In re *Shepard's Estate,* 180 *Okl.* 91, 67 *P.2d* 954. See 1 *Simes, The Law of Future Interests* (2d ed.), § 497; 3 *Page on Wills,* § 1111.

Testator made no provision in his will for any person other than his widow. A married daughter, who was his only other next of kin, was not mentioned therein. There is no other language in the will which could be interpreted as giving the widow less than a fee. There is not only no gift over, but no other person mentioned to whom the giving of such a gift might be considered. If we should accept defendant's contention, testator, in spite of the fact that he left a will which he presumably intended to be complete, would have died intestate as to the whole of the remainder of his property.

In the above setting, the phrase, "for her maintenance and support", read in connection with the pertinent provisions of the will

immediately preceding, shows, we think, that testator used these words to state the purpose which he had in mind in devising to his widow his whole estate, namely : to provide for her support and maintenance. See In re Forde's Will, supra. We find no clear intention—such as would be necessary where there is no gift over—that testator intended to limit the devise to his widow to a life estate. In view of these circumstances, we think that this construction of the words "for her maintenance and support" is entirely reasonable and proper.

Both in the Court of Chancery and in this court, defendant leans heavily upon the case of *Reed v. Creamer,* 118 *Me.* 317, 108 *A.* 82. In that case testator devised to his widow the "use improvement and income of all my estate * * *. Together with the right to sell and to convey any part or all of my estate and to take to her use and benefit the proceeds of such sales whenever it shall be necessary for her comfort and maintenance * * * ". The Court conceded that if the devise had consisted of the first sentence alone, it might reasonably be held that the widow took an estate in fee. However, the Court stated that there were qualifying and explanatory words in the second sentence giving the widow the right to sell, overruling this presumption. The Court further said that since the two sentences must be read together, it was evident that the estate consisted of a life estate coupled wih a qualifying power of disposal to be exercised during the lifetime of the beneficiary. The Court also said that this case fell within the rule of construction to the effect that a devise expressed in general terms otherwise creating an estate of inheritance under the statute followed by a qualified and restricted power of disposal created a life estate by implication.

In the present case, the language used by the testator does not amount to a limited power of sale with the proceeds to be used for her maintenance and support, and there is no provision of any kind for the use of the income or proceeds of any sale. In other words, the limitation which existed in the Creamer case does not exist here and that case is therefore not apposite.

The judgment of the Court of Chancery is affirmed.