IN THE MATTER OF THE ESTATE OF
WILLIAM F. CONWAY, DECEASED.

Argued November 8, 1967—Decided December 18, 1967.

*Mr. Rodman C. Herman* for appellant and cross-respondent St. James Hospital of Newark, and also St. Joseph's Home for the Blind—Sisters of St. Joseph of Newark (*Messrs. Whiting, Moore, Hunoval & Herman,* attorneys).

*Mr. Gerald W. Conway* for respondents and cross-appellants Mary I. Rogers and James A. Conway (*Messrs. Schreiber and Lancaster,* attorneys).

The opinion of the court was delivered

PER CURIAM. First National State Bank of New Jersey, as surviving trustee of a trust established under the will of decedent William F. Conway, instituted two actions in the Essex County Court, Probate Division, for the settlement and approval of its intermediate account and for instructions with respect to the allocation as between principal and income of certain shares of corporate stock it had received as a stockholder in each of two distributing corporations, The Chase Manhattan Bank and E. I. du Pont de Nemours & Co., respectively. St. James Hospital of Newark, one of the trust remaindermen, appealed to the Appellate Division from

that part of the County Court's judgments directing that the shares received from Chase Manhattan be allocated to income. Mary I. Rogers and James A. Conway, decedent's children and life beneficiaries of the trust, cross-appealed from those parts of the judgments ordering that the shares received from du Pont be allocated to principal. The Appellate Division, by a divided vote, affirmed the County Court judgments, Judge Kolovsky dissenting with respect to the du Pont shares which, in his opinion, should be allocated to income. 92 *N. J. Super. pp.* 428 and 446 (1966). St. James Hospital and the children respectively appeal and cross-appeal as of right. *R. R.* 1:2–1(b).

At the conclusion of oral argument we directed counsel for defendant St. James Hospital to notify the remaindermen who had not appeared on the appeal that since their interests in the trust *corpus* might be affected by our decision, they should, if they desired to be heard, communicate with the court clerk within ten days. Such notice was promptly given. Only one remainderman, St. Joseph's Home for the Blind— Sisters of St. Joseph of Newark, responded by filing a brief.

The judicial function in construing a will is to ascertain and give effect to the probable intention of the testator. In ascertaining that intent, courts will give primary consideration to the dominant plan and purpose apparent from the entire will, read and considered in light of the surrounding facts and circumstances. *Fidelity Union Trust Co. v. Robert,* 36 *N. J.* 561, *pp.* 564–565 (1962)', modifying 67 *N. J. Super.* 564 (*App. Div.* 1961). And our decisions have consistently held that courts will ascribe to the testator those impulses which are common to human nature, and will construe the will so as to effectuate them. *Ibid.*

Considering the will in this light, and particularly paragraph Eighth which deals with the allocation of dividends, we conclude that the General Motors stock distributed by the du Pont company must properly be treated as income. The will is oriented toward testator's widow and children, not toward possible remaindermen. Accordingly, we reverse the

Appellate Division majority's determination that the General Motors stock must be allocated to trust principal.

▇ The Chase Manhattan shares are properly allocable to income. We agree with the County Court and Appellate Division that these shares fall squarely within that provision of paragraph Eighth of the will wherein testator directed that "all dividends of stock * * * shall be treated as income, notwithstanding any legal rule to the contrary."

The judgment is remanded for modification in accordance with this opinion.

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, GOLDMANN, SCHETTINO and HANEMAN—7.

*Opposed*—None.