112 N.J. Super. 366 (1970)
271 A.2d 443
ALBERT WOLL AND VIRGINIA WOLL, EXECUTRIX OF THE ESTATE OF WILLARD WOLL, DECEASED, PLAINTIFFS-RESPONDENTS AND CROSS-APPELLANTS,
v.
MATTHEW DUGAS, AN INFANT BY HIS GUARDIAN AD LITEM, JOHN D. MORRISON, GRAHAM C. DUGAS, JR., JANE DUGAS FROJEN AND AMERICAN CANCER SOCIETY, DEFENDANTS-APPELLANTS AND CROSS-RESPONDENTS, AND CITIZENS FIRST NATIONAL BANK OF RIDGEWOOD, NEW JERSEY, AS EXECUTOR AND TRUSTEE OF THE WILL OF CELEONOR E. WOLL (KNOWN ALSO AS ELEONOR WOLL), DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1970.
Decided November 30, 1970.
*367 Before Judges KILKENNY, HALPERN and LANE.
Mr. Harry Schaffer argued the cause for defendants-appellants and cross-respondents, Graham C. Dugas and Jane Dugas Frojen.
Mr. Richard Wayne Stickel argued the cause for defendant-appellant, American Cancer Society, Inc. (Messrs. Stickel, Frahn & Stochholm, attorneys).
Mr. Milton T. Lasher appeared on the brief for defendant-respondent, Citizens First National Bank of Ridgewood, New Jersey.
Mr. John D. Morrison appeared on the brief as Guardian ad Litem for Matthew Dugas, an infant, defendant-appellant and cross-respondent.
Mr. Walter Henry Jones argued the cause for plaintiffs-respondents and cross-appellant (Mr. Walter H. Jones, III on the brief).
PER CURIAM.
The issue before the Trial Judge was whether Matthew Woll and Celeonor Woll, his wife, had entered into a valid oral agreement in 1949 to execute identical, mutual, reciprocal and irrevocable wills, to dispose of their combined estates. After a full hearing he concluded "that the aforesaid agreement has been established by evidence that is cogent, clear and convincing, and which has left no doubt in the court's mind as to the parties actually having entered into such an agreement."
We have considered the entire record and find substantial credible evidence therein to justify the conclusions reached by Judge Lora. We are in accord with the views expressed in his opinion reported in 104 N.J. Super. 586 (Ch. 1969).
On this appeal at oral argument appellants contended that the real estate located in New Jersey of which Celeonor died *368 seized should not have been impressed with a constructive trust because she obtained the fee thereto as the surviving tenant by the entirety, and not from her husband's estate. This contention was not raised or considered by Judge Lora, nor was it included in the briefs before us. Under the circumstances it may not be presented for the first time on appeal. Oradell Village, et al. v. Township of Wayne, 101 N.J. Super. 403 (App. Div. 1968), aff'd 53 N.J. 496 (1969). In any event, we see no merit to the contention.
Affirmed in all respects. No costs.