129 N.J. Super. 168 (1974)
322 A.2d 500
FREDERICK D. KING AND FREDERICK F. RICHARDSON, EXECUTORS OF THE ESTATE OF ROBERT S. HERBERT, JR., DECEASED, PLAINTIFFS-RESPONDENTS,
v.
RICHARD SMITH, ROBERT SMITH AND STILSON H. SMITH, DEFENDANTS-APPELLANTS, AND ESTATE OF JOAN S. BALLER, DECEASED, CAROLE BALLER AND WARREN O'CONNELL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1974.
Decided July 3, 1974.
Before Judges CARTON, LORA and SEIDMAN.
Mr. Bernard A. Kuttner, attorney for defendants-appellants.
*169 Messrs. Mason, Griffin & Pierson, attorneys for plaintiffs-respondents.
Mr. Samuel C. Inglese, attorney for defendants-respondents Estate of Joan S. Baller, deceased, and Carole Baller.
Messrs. McCarthy, Bacsik and Hicks, attorneys for defendant-respondent Warren O'Connell (Messrs. Gordon C. Strauss and Christopher Baker, on the brief).
PER CURIAM.
This case was consolidated on appeal with two other related cases involving the will of Robert S. Herbert, Jr., deceased. The reason for such consolidation was that the issues involved in the related cases would have been rendered moot if this court should decide that the bequests to the attesting witnesses were invalid.
While this matter was pending on appeal so much thereof as applied to Joan S. Baller was settled. Consequently, there is no need for us to give further consideration to this phase of the appeal.
As to the remaining appeal involving Warren O'Connell, we conclude that the trial court properly held that any disqualification that may have existed because he was an attesting witness to the will which provided a stock option in his favor was removed as the result of the later execution of the codicils to which he was not a witness, and we affirm essentially for the reasons expressed in the opinion of Judge Furman reported at 123 N.J. Super. 179 (Ch. Div. 1973). This appeal is therefore deconsolidated from the related cases for the purpose of this opinion.