446 A.2d 1265

In re ESTATE OF Nancy M. JANNEY, Deceased.

Appeal of Carolyn CASE, Executrix.

Supreme Court of Pennsylvania.

Argued April 19, 1982.

Decided June 25, 1982.

Stanley E. Stettz, Robert E. Simpson, Jr., Easton, for appellant.

Edmund G. Flynn, Stroudsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

We are called upon here to resolve a conflict of law that lays upon the probate of an estate. The conflict is between the law of this Commonwealth and that of our sister, the garden state of New Jersey. The controversy is directly stated: until 1978, the state of New Jersey denied an attesting witness to a will any benefit under that will. Pennsylvania did not. Nancy M. Janney, a Pennsylvania domiciliary, executed a will leaving her entire estate to her sister, Carolyn Case.[1] Ms. Case was named executrix and subscribed as one of two attesting witnesses. The estate consisted of various assets situate in Pennsylvania, and realty located in New Jersey. During the course of administration, the property was sold. Distribution of the proceeds of the sale of that real property, the subject matter here, was excepted to by intestate heirs in the Orphans Court of Monroe County, Pennsylvania. They excepted alleging that since the testatrix died in 1974, the law then extant in the state of New Jersey denied an attesting witness benefit under the will. The exceptions were sustained, and an intestacy as to the proceeds of the New Jersey property was declared.[2] Ms. Case, executrix and beneficiary appeals.[3] We reverse.

That the law of New Jersey is entitled to full faith and credit is not in question here. What is in question is whether we should do what New Jersey no longer sees fit to do. The New Jersey statutes, N.J.Stat.Ann. 3A:3–6; N.J.

1. The will was executed in Pennsylvania, and complied with the relevant formalities.

2. The exceptions filed by the intestate heirs were sustained in the Opinion and Order of President Judge Marsh, dated December 13, 1978. The exceptions and expanded exceptions of executrix were dismissed by President Judge Marsh in the Opinion and Order dated November 26, 1979.

3. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2; 42 Pa.C.S.A. § 722. This section was amended after the lower court's decision in this case. See 42 Pa.C.S.A. § 722.

Stat.Ann. 3A:3–7, which voided beneficial devises to attesting witnesses, were repealed in 1978 when the New Jersey legislature passed the new Wills and Probate Reform Act of 1978. The 1978 act expressly states:

A will or any provision thereof is not invalid because the will is signed by an interested witness.

N.J.Stat.Ann. 3A:2A–7(b), effective September 1, 1978.

 It is settled in this Commonwealth, as in New Jersey, that the intention of the testator is of primary importance, the lodestar, cornerstone, cardinal rule.[4] So that that intention shall be given full expression, it can be denied only where it is unconstitutional, unlawful, or against public policy.[5] Indeed, both New Jersey statutes, the old denying and the new allowing attesting witnesses benefit under a will, are articulations of that primary principle. The purpose of the old New Jersey law was to prevent fraud, perjury, and undue influence.[6] None of these considerations are issues here.

That both jurisdictions, each in its own fashion, seek to preserve the integrity of testatrix's lawfully stated intention is clear. In the instant case, it was her sister and her sister alone to whom testatrix gave. We should fulfill that legislative intent, unless public policy or comity are offended.

 The situs state of realty is generally entitled to severest deference. President Judge Marsh gave that deference with a reluctance that was a credit to his office.[7] That the laws of the situs state should govern the devise of real property is a sound principle, articulated in both Restate-

---

4. *Estate of McAfee*, 463 Pa. 250, 344 A.2d 817 (1975); *In re England's Estate*, 414 Pa. 115, 200 A.2d 897 (1964); *In re Conway's Estate*, 50 N.J. 525, 236 A.2d 841 (1967).

5. *In re Meyers' Estate*, 416 Pa. 516, 206 A.2d 37, 38 (1965); *In re Cannistra Estate*, 384 Pa. 605, 121 A.2d 157 (1956).

6. *King v. Smith*, 123 N.J.Super.Ct. 179, 302 A.2d 144 (Ch.Div.1973), *aff'd*, 129 N.J.Super.Ct. 168, 322 A.2d 500 (App.Div.1974).

7. As President Judge Marsh stated in his opinion: "Plainly put, ours was a choice between what ought to be and what must be." Slip op. of Marsh, P. J., at 2 (opinion of November 26, 1979).

ments of Conflict of Laws,[8] and in the consistent statements of this Court.[9] The policy served is the right of the situs state to regulate the transfer of title to land within its borders.[10] Such is not an issue here; the land has been sold, the title assured and transferred. The situs state has not been denied its inherent right to regulate title. Only the proceeds are left to be distributed. In fulfilling the intention of the testatrix we neither offend the principle nor depart from the mainstream of accelerating liberalization of conflict of law principles. The present version of the relevant Restatement provision, § 239, now permits the law of the situs to be superseded by the law of the domicile state in situations such as the instant one, where the formalities comply with the requirements of the state of domicile.[11] Indeed, New Jersey expressly accepts this rationale. In its New Code, the legislature has included this provision:

3A:2A–8. Choice of law as to execution

A written will is validly executed if executed in compliance with section 4 or 5 or its execution was in compliance with the law of the place where it was executed, or with law of the place where at the time of execution or at the time of death the testator was domiciled, had a place of abode or was a national.

N.J.Stat.Ann. 3A:2A–8, effective September 1, 1978. While this provision may not affect the probate of prior New Jersey wills, it lights the issue here.

No current policy of either state is offended by giving this testatrix her will. The will itself is not contested as an expression of testatrix' intent, a consideration that might have triggered the purpose and policy of the New Jersey

8. Restatement of Conflict of Laws § 249; Restatement (Second) of Conflict of Laws § 239.

9. *Estate of Taylor*, 480 Pa. 488, 391 A.2d 991 (1978); *Dublin Estate*, 375 Pa. 599, 101 A.2d 731 (1954).

10. *Dublin*, 375 Pa. 599, 101 A.2d 731. *See also*, Restatement (Second) of Conflict of Laws § 239 comment b, and § 233 comment b.

11. Restatement (Second) of Conflict of Laws § 239, comment e.

statute. The property passed without cloud or restraint, the proceeds are collected and in hand, and we devise them as was intended by she who owned them.

We do not doubt that the New Jersey courts, in probating a New Jersey will, may give only prospective effect to their new Code. We are not however, probating a New Jersey will, but rather a will that observed all the formalities of valid execution under our law.

Since New Jersey in its fitting wisdom does of its own law give effect to wills executed in compliance with the laws of domicile, we are doing what it does now. To do less would deny this testatrix her will for reasons neither applicable, nor now considered productive of their purpose.[12] Accordingly, we reverse the decree of the Orphans Court.

ROBERTS, J., files a Concurring Opinion in which O'BRIEN, C. J., joins.

ROBERTS, Justice, concurring.

I concur in the result.

Testatrix, Nancy M. Janney, a Pennsylvania domiciliary, died on June 22, 1974, leaving a will executed in 1971. In her will, she named as sole beneficiary and executrix her sister, appellant Carolyn Case, who also served as one of the two attesting witnesses to the instrument. Among the assets in testatrix's estate was real property located in Bound Brook, New Jersey. During the course of administration this property was sold to a third party for cash. The net proceeds of the sale were included in appellant's First and Final Accounting of the estate.

On September 20, 1978, appellees, intestate heirs of testatrix, filed exceptions to appellant's Final Accounting and

12. Indeed, the New Jersey Superior Court, in a narrow, if proper reading of the former statute, concerning a New Jersey domiciliary, said exactly that in 1973: "The threat of perjury or undue influence thus appear inapposite. To avoid her legacy would be an artificial and technical result, contrary to preferable English and American authorities." *King v. Smith*, 123 N.J.Super.Ct. 179, 182, 302 A.2d 144, 146 (Ch.Div.1973), *aff'd*, 129 N.J.Super.Ct. 168, 322 A.2d 500 (App.Div.1974).

Statement of Proposed Distribution. They argued that, because the law of the situs governs the testamentary disposition of real property and because the law in effect in New Jersey at the time of testatrix's death prohibited an attesting witness from receiving any benefit under a will, an intestacy existed with regard to the real property located in New Jersey. The Orphans' Court of Monroe County sustained appellees' exceptions and decreed that the proceeds from the sale of the real estate should pass through intestacy to appellees. Appellant's exceptions to the decree were dismissed, and this appeal followed.

Because the testamentary disposition of real property is governed by the law of the situs as a matter of comity, we must inquire into the nature and extent of New Jersey's present interests in testatrix's Bound Brook realty. That is, rather than automatically apply the law of New Jersey in effect at the time of testatrix's death, we must ask what a New Jersey court would do *now* if faced with appellees' exceptions to the distribution of the property pursuant to testatrix's intent as expressed in her Pennsylvania will.

Three considerations lead to the conclusion that New Jersey would give effect to testatrix's clear intent: first, as the property has been sold, the marketability of the New Jersey title is unimpaired; second, New Jersey no longer bars an attesting witness from benefiting under a will, N.J.S.A. 3A:2A–7; and third, New Jersey now considers valid a will executed in another state if the will is in compliance with the requirements of that state, regardless of any formal deficiencies which may exist under New Jersey law, N.J.S.A. 3A:2A–8. As no present New Jersey interest would be offended by the distribution to appellant of the proceeds from the sale of the Bound Brook property in accordance with testatrix's intent, the decree of the orphans' court must be reversed. See *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964).

O'BRIEN, C. J., joins in this concurring opinion.