260 N.J. Super. 426 (1992)
616 A.2d 1311
LESTER DANELCZYK, JR., EXECUTOR OF THE ESTATE OF LESTER DANELCZYK, SR., PLAINTIFF-RESPONDENT,
v.
BERTHA TYNEK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1992.
Decided November 19, 1992.
*427 Before Judges MICHELS and BAIME.
Walter J. Tencza argued the cause for appellant (Tencza & Korduba, attorneys; Walter J. Tencza, of counsel and on the brief).
Susan I. Wegner argued the cause for respondent (Klein Chapman, attorneys; Susan I. Wegner, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
*428 The judgment of the Law Division, Probate Part, entered in favor of plaintiff Lester Danelczyk, Jr., also known as Lester E. Danelczyk, Executor of the Estate of Lester Danelczyk, Sr., is affirmed substantially for the reasons expressed by Judge Lesemann in his oral opinion of June 16, 1992. Judge Lesemann found that the life estate bequeathed to defendant Bertha Tynek by the Last Will and Testament of Lester Danelczyk, Sr. was a life estate in the second floor apartment referred to as the larger apartment located on the second floor of premises designated 616 River Drive, Garfield, New Jersey and did not include the second floor apartment referred to as the smaller apartment or the first floor of the premises. We are satisfied from our study of the record and the arguments presented that there is sufficient credible evidence in the record as a whole to support the findings and conclusions of the trial court and we discern no good reason or justification for disturbing them. See Leimgruber v. Claridge Assocs., Ltd., 73 N.J. 450, 455-56, 375 A.2d 652 (1977); Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-84, 323 A.2d 495 (1974); State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964); see also R. 2:11-3(e)(1)(A). Moreover, all of the issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E).
Additionally, we are satisfied that, contrary to defendant's claim, the trial court properly utilized the doctrine of probable intent in concluding that the testator intended to give a life estate in the larger apartment on the second floor of the premises designated 616 River Drive and not the entire building. "The judicial function in construing a will is to ascertain and give effect to the probable intention of the testator." In re William F. Conway, 50 N.J. 525, 527, 236 A.2d 841 (1967); see Engle v. Siegel, 74 N.J. 287, 292, 377 A.2d 892 (1977); In re Munger, 63 N.J. 514, 521, 309 A.2d 205 (1973); In re Cook, 44 N.J. 1, 6, 206 A.2d 865 (1965); Fidelity Union Trust Co. v. Robert, 36 N.J. 561, 564-65, 178 A.2d 185 (1962); Matter of Will of Maliniak, 199 N.J. Super. 490, 493, 489 A.2d 1229 *429 (App.Div.) (Bilder, J.), certif. denied, 101 N.J. 267, 501 A.2d 935 (1985); N.J.S.A. 3B:3-33. See generally 5 Alfred C. Clapp, New Jersey Practice-Wills & Administration § 196 at 405 (3rd rev. ed. 1982).
The object of our investigation is to determine the probable intent of the testatrix by a preponderance of the evidence and to carry it out in accordance with her wishes even though they be imperfectly expressed. We do what elemental justice and fundamental fairness demand under the necessitous circumstances.
* * * * * * * *
Essential justice does not permit "a discernible intention of the testator" to be defeated. The quantum of proof may be supplied by logical inferences if they are sufficiently persuasive to carry the necessary conviction. [Bank of New York v. Black, 26 N.J. 276, 286-87, 294, 139 A.2d 393 (1958)].
Accord In re Englis, 54 N.J. 350, 355-56, 255 A.2d 242 (1969); Fidelity Union Trust Co. v. Robert, supra, 36 N.J. at 564-65, 178 A.2d 185; see also 5 Clapp, supra, § 196 at 405-14.
"In ascertaining that intent, courts will give primary consideration to the dominant plan and purpose apparent from the entire will, read and considered in light of the surrounding facts and circumstances." In re William F. Conway, supra, 50 N.J. at 527, 236 A.2d 841; see Engle v. Siegel, supra, 74 N.J. at 291, 377 A.2d 892; In re Munger, supra, 63 N.J. at 521, 309 A.2d 205; Wilson v. Flowers, 58 N.J. 250, 260, 277 A.2d 199 (1971); In re Englis, supra, 54 N.J. at 355-56, 255 A.2d 242; In re Cook, supra, 44 N.J. at 6, 206 A.2d 865; Fidelity Union Trust Co. v. Robert, supra, 36 N.J. at 564-65, 178 A.2d 185; In re Goldfaden, 7 N.J. 450, 454-55, 81 A.2d 758 (1951); Matter of Estate of Siegel, 214 N.J. Super. 586, 592, 520 A.2d 798 (App. Div. 1987); 5 Clapp, supra, § 196 at 415-16. Stated differently,
The obligation of a court, when a question is presented such as is involved here, is to effectuate the probable intent of the testator when consideration of the will as a whole together with extrinsic evidence, demonstrates, under all the circumstances, that a patent or latent ambiguity exists in the language used and such intent, overcoming the mere literal reading of the instrument, is thereby made "manifest." Wilson v. Flowers, supra, (58 N.J. at 260, 277 A.2d 199). This power must be most carefully exercised and should not be utilized unless the court is thoroughly convinced that it is required  the need for its *430 exercise must be "manifest." Otherwise its exercise would amount to varying the terms of a will as distinguished from merely effectuating a testator's intent. [In re Munger, supra, 63 N.J. at 521, 309 A.2d 205].
Thus, courts today are not limited to the express terms of a will and may look to extrinsic evidence including the testator's own expressions of intent. Engle v. Siegel, supra, 74 N.J. at 291, 377 A.2d 892; Wilson v. Flowers, supra, 58 N.J. at 262-63, 277 A.2d 199; In re Estate of Thornton, 169 N.J. Super. 360, 365, 404 A.2d 1222 (App.Div.), certif. denied, 81 N.J. 401, 408 A.2d 795 (1979).
Extrinsic evidence which furnishes information regarding the circumstances surrounding the testator should be admitted to aid in ascertaining his probable intent under the will. Where the probable intent is thus made manifest by extrinsic evidence, the court may not refuse to effectuate that intent by indulging in a merely literal reading of the instrument.
* * * * * * * *
[E]xtrinsic evidence including direct statements by a testator of his intention have always been held admissible, not to vary the terms of the will, but to explain the ambiguity.... [D]irect statements of intention should be admitted no matter what the form of ambiguity [either patent or latent]. If our task is to ascertain and follow the testator's probable intent, we cannot fairly exclude evidence of that intent. Naturally, the circumstances surrounding the evidence may affect what weight, if any, it is to be given but it should not be excluded. [Wilson v. Flowers, supra, 58 N.J. at 260, 262-63, 277 A.2d 199].
Accord 5 Clapp, supra, § 197 at 426-29; 80 Am Jur.2d Wills §§ 1279-81, 1287 (1975); 95 C.J.S. Wills § 586 (1957); McCormick On Evidence, § 220 at 448 (1954); 9 Wigmore on Evidence §§ 2467, 2470, 2472 (Chadbourn rev. 1981). Furthermore, such evidence is admissible under Evid.R. 63(32). See In re Estate of Cory, 98 N.J. Super. 208, 222, 236 A.2d 616 (Ch.Div. 1967); see also Woll v. Dugas, 104 N.J. Super. 586, 590-94, 250 A.2d 775 (Ch.Div. 1969), aff'd, 112 N.J. Super. 366, 271 A.2d 443 (App.Div. 1970); In re Pfizer, 33 N.J. Super. 242, 261-62, 110 A.2d 40 (Ch.Div.) (citing Guaranty Trust Co. of New York v. Catholic Charities, etc., of New York, 141 N.J. Eq. 170, 173, 56 A.2d 483 (Ch.Div. 1948)), aff'd, 17 N.J. 40, 110 A.2d 54 (1954).
Application of these principles compels the conclusion that the trial court properly admitted extrinsic evidence to *431 explain the testator's will. The testator bequeathed to defendant a life estate in his "real property, located at 616 River Drive, Garfield, New Jersey with the specific right to live in the premises for the rest of her life." The River Drive property contained both residential apartments and commercial space. By adding the language to the life estate bequeath to defendant "with the specific right to live in the premises for the rest of her natural life", the testator created an ambiguity and potential inconsistency in the will. The added language could be interpreted as merely superfluous or as intending to clarify and limit the extent of the life estate in the property. Thus, extrinsic evidence was properly admitted, not to vary the terms of the will, but rather to interpret the probable intent of the testator when utilizing the express language contained in the will.
In our view, the trial court properly concluded that the probable intent of the testator was to devise a life estate in the larger second floor apartment, not the entire property. In this regard, the trial court noted that the "most significant testimony" revealing testator's intent came from Thomas R. Hilberth, Esq., the attorney who drafted the will, and Olga Malski, a close friend of testator. Attorney Hilberth testified that the testator did "absolutely not" intend to provide defendant with a life estate in the entire building. Although the notes of both the attorney and his secretary use the general term "property," the attorney was adamant in his recollection that the testator had discussed only the apartment. Moreover, the attorney added the language "with the specific right to live in the premises for the rest of her natural life" "[t]o make it absolutely clear that it was a life estate for the apartment which he intended to leave her." Ms. Malski also corroborated the attorney's testimony, testifying that the testator had repeatedly indicated before his death that he had left defendant a "lifetime apartment."
Additionally, the testamentary disposition in the will tends to support the trial court's conclusion that the testator's probable *432 intent was to bequeath a life estate in the one apartment, not the entire property. While in the Second Article, the testator bequeathed a life estate to defendant, he also bequeathed in the Ninth Article all his interest in his business known as Eldee Industrial Painting Corp. to plaintiff. This business was located in and operated from the first floor of 616 River Drive.
In sum, we are satisfied that the trial court properly gleaned the probable intent of the testator from the language in the will and the extrinsic evidence to provide defendant with a life estate in only the larger of the two second floor apartments and not a life estate in the entire property.
Affirmed.